The opinion of the court was delivered by
Gibson, C. J.
It is conceded that extra-work, by an apprentice, is not a consideration to raise an implied promise; but it is said to be sufficient to support an express one. But if the master be *115 chargeable at all, why not on a common count, as in ordinary cases of work and labour done ? It may perhaps be, that without an agreement to define the portion of the work which belongs to the master by force of the indentures, there could be no such thing as extra work. It is cei’tain that an apprentice stands not on the ordinary footing of a servant,; .but for that very reason, it becomes a question of grave concern, whether the enforcement of such an agreement, by legal means, be not forbidden by considerations of policy. In many respects, the master is in the place of a parent. He is treated as such in the statutes to prevent the clandestine marriage of minors; and his relation to the apprentice, if not strictly parental, is at least pupillary. Now these promises are but incitements to industry, and those virtues which are ever found in its train. By the proofs in the cause, it appears'that the conditions, by the observance of which the reward was to be gained, were not merely the performance of additional labour, but also regular attendance at church, and the keeping of regular hours at home— matters intended to benefit, not the mistress, for she was to pay for the increase of production, but the apprentice himself, in the preservation of his morals, and the improvement of his professional skill. Can it be that these observances may be made the foundation of a legal demand? Declare them to be subjects of judicial cognizance, and all inducements to propose them will cease. No schoolmaster, tutor, or diciplinarian, in whatever profession or pursuit, will recur to premiums for diligence, at the peril of a lawsuit. From the very nature of a premium, the proposer of it is to be the arbiter and awarder of it, where another is not designated. Will it be credited, that the defendant would have held out this salutary incentive to employment, during hours that might have otherwise been given to vicious indulgence, had she thought she was contracting a legal obligation? Had she done so, she would, at the same moment, have ceased to be the mistress of her shop. The case of Mason v. The Ship Blaireau, 2 Cranch, 270, is pressed upon us to show that the master has not a right to the extraordinary earnings of his apprentice; which, however, were explained there, to be such as are produced by his labour, when not employed in his master’s service. We have a very different case. Besides, the question had regard to the rights of the apprentice as regulated by the indentures, and not to the validity of a collateral promise, drawn into question by considerations of policy. We áre entirely satisfied that, not only public expedience, but justice between the parties, forbids it to be made the foundation of an action.
Judgment reversed.