## Missimer, Assignee, *versus* Ebersole.

1. Where a new execution issues without disposing of the levy on the old one, and there is nothing to connect the property levied upon under the alias with the property seized under the fi. fa., excepting similarity in description, the alias fi. fa. and the levy under it amount to an abandonment of the levy upon the original fi. fa., and the lien thereof is gone.

2. Where the lien of the fi. fa. was thus lost by an abandonment of the levy, the rights of an intervening assignee for creditors attached, and there could be no valid levy under the alias fi. fa. upon the assigned property.

May 8th 1878.   Before Agnew, C. J., Mercur, Gordon, Paxson, Woodward and Trunkey, JJ.   Sharswood, J., absent.

Error to the Court of Common Pleas of *Lancaster county:* Of May Term 1878, No. 58.

The facts are fully stated in the opinion of this court.

*J. B. Amwake* and *A. J. Eberly*, for plaintiff in error.—Until there was a disposition of the property levied upon, under the original fi. fa. an alias fi. fa. could not regularly issue for the same property, and ought to have been set aside: Potts's Appeal, 8 Harris 253; Ingham *v.* Snyder, 1 Whart. 116; Eckhols *v.* Graham, 1 Call. 492; Harrison *v.* Wilson, 2 A. K. Marsh. 547; Alley *v.* Carroll, 3 Sneed 110. By issuing a second execution the plaintiff waived the first and destroyed the lien on the property taken thereunder: Eckhols *v.* Graham, *supra.*

*N. Ellmaker*, for defendant in error.—In Potts's Appeal, *supra*, the alias fi. fa. issued before the return of the original writ, but here the original was returned before the alias issued. And the alias issued immediately upon the return of the original, and such a course certainly cannot be construed as an abandonment of the prior levy.

Mr. Justice Paxson delivered the opinion of the court, May 20th 1878.

On the 3d day of April 1877, Abraham Ebersole (defendant in error), issued a writ of fieri facias against Samuel Blecker, and on

[Missimer *v.* Ebersole.]

the 5th of April the personal property of Blecker was levied upon by the sheriff. Subsequently, the writ was stayed by the order of the court below, the lien of the levy being preserved by said order, and a rule granted to show cause why the judgment should not be opened. This rule was discharged on the 25th of September following. In the meantime (April 23d 1877), Blecker, the defendant in the execution, executed an assignment for the benefit of his creditors, which was delivered to the assignee on the same day, accepted by him and duly recorded. After the discharge of the rule to open the judgment, the said writ of fieri facias was returned by the sheriff to the office of the prothonotary, at the request of the counsel of the defendant in error. The return is "writ stayed by court." At this point the execution-creditor had a valid and subsisting levy, and his right to have issued a venditioni exponas and proceed to sell the property, could not have been denied. He did not do so, but issued an alias fi. fa., under which the sheriff made a new levy. His return makes no reference to the levy formerly made on the fi. fa. It was conceded at bar, however, that most of the property seized under the alias was the same property previously levied upon under the fi. fa. There were, however, a number of articles not included in the first levy. These items were subsequently stricken out by the court. The court below was asked to set aside the alias fi. fa., on the ground that it was irregular, and that it was an abandonment of the levy upon the fi. fa. This motion was refused, and forms the subject of the three assignments of error.

It was held in Potts's Appeal, 8 Harris 253, that issuing a new execution without disposing of the levy on the old one was an irregularity, but one that could be taken advantage of by no one but the defendant. In that case the alias fi. fa. was levied upon the same property that had been seized upon the prior writ. This fact is stated in the return to the alias, as well as the further fact that it was made "subject to all prior claims and levies made on same." It will thus be seen that in Potts's Appeal there was an irregularity but no abandonment of the prior levy. The return to the alias shows the property to be the same, and evinces a clear intention to retain the lien of the fi. fa. In the case in hand there is nothing to connect the property levied upon under the alias with the property seized under the fi. fa. excepting similarity in description. For aught that appears from the return the property may have been entirely different. In point of fact a portion of it was different, as has been already said. We think the alias fi. fa. and the levy under it amounted to an abandonment of the levy upon the fi. fa., and that the lien thereof is gone. If it was intended not as an abandonment, but to do what actually was done, to seize on property not before seized, it was, as was said by this court in Ingham *v.* Snyder, 1 Whart. 115, "a most unheard of proceeding, and one

[Missimer *v.* Ebersole.]

whose consequences could have been averted but by relinquishing it at the threshhold." In that case the lien of the levy on the fi. fa. was preserved only by the withdrawal of the *pluries* prior to any action upon it.

When the lien of the fi. fa. was lost by an abandonment of the levy the rights of the assignee for creditors attached, and there could be no valid levy under the alias upon the assigned property. For a mere irregularity in the execution no one but the defendant can complain, as was said in Potts's Appeal, *supra*, but a voluntary assignee represents the assignee, and stands in his shoes. What the assignor may do, his assignee, as his representative, may do for him. The assignor made the motion in the court below to set aside this execution. Beside, the abandonment of a levy would seem to be a different matter than a mere irregularity in the execution, and one which purchasers or creditors could take advantage of. A discussion of this question, however, is not essential to this case.

The order of the court below, of the date of October 27th 1877, discharging the rule to set aside the alias fi. fa. is reversed, and it is now ordered that said rule be made absolute.