George M. Cote, Agent, Appellant, *v.* Anna E. Schoen, Owner, or Reputed Owner, and John F. Beighley, Contractor.

*Evidence—Proof of lost contract—Stipulation against mechanic's liens.*

A building contract having been lost the defendant in a suit on a mechanic's lien testified that the contract contained a stipulation, quoting her language, " that I was to pay the money as the work went on and that no liens should go on my house." *Held*, (1) That no nearer approach to literal exactness in giving the contents of a lost paper could be expected or was required to carry the case to a jury. (2) That defendant's testimony, if believed, established the substance of a complete and valid agreement against liens within the rule as laid down in Nice v. Walker, 153 Pa. 123.

*Practice, C. P.—Trial—Charge of court.*

A careful judge will not always content himself with a dogmatic statement of the law applicable to the case, and even if he is not bound to go further, it is certainly not error to point out to the jury the just and reasonable principles upon which it is based.

Argued April 13, 1896. Appeal, No. 96, April T., 1896, by plaintiff, from judgment of C. P. No. 2, Allegheny County, April T., 1894, No. 690, on verdict for defendant. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Sci. fa. sur mechanic's lien for $472.09. Before EWING, P. J. Verdict for defendant.

The facts sufficiently appear from the charge of the court below, which is as follows:

This is a mechanic's lien filed by the plaintiff, Mr. Cote, to recover for lumber which he says he furnished for the house of Mrs. Schoen. It seems that John Beighley was the contractor.

Now, in the first place, the plaintiff says that he has furnished lumber to the amount of $465, which he says was the contract price for an itemized bill of lumber which he furnished, and which we have ruled for the purpose of this cause as a matter of law and for you is sufficient,—that it was sufficient to set out the whole list of items for the lumber of the house, giving the dimensions and amount and so on, and the character of the

lumber, specifying what it was, and then fixing the price for the whole bill.

There is a small bill of extras amounting to $7.09. The larger bill is $465.

Counsel for the defendant objected to the introduction of this lien, saying that it was insufficient in law. We overruled that objection. We have some doubt about the matter, and we have given the benefit of the doubt to admitting the lien. It is not what it would be desirable to have. It would be better to set out the price of all these items.

Counsel for the defendant have also asked us to instruct you as a matter of law it is not sufficient, and the verdict should be for the defendant. We refuse that, pro forma, and if you find for the plaintiff you will find your facts and find your verdict subject to the opinion of the court, and the question of law reserved as to the sufficiency of this lien as filed, and we will have it argued before a full bench with time and opportunity to consider it more fully. That the amount of your verdict, if you find for the plaintiff, would be the amount and value of the lumber furnished, as you may find it from the testimony. There were some other items ordered by Mrs. Schoen and by her agent independent of this; they were paid for and are not to be considered in this cause.

[As to whether or not the plaintiff is entitled to recover at all depends on this question under the law as interpreted by the Supreme Court, and I think it a wholesome one; when a contract is made for building a house, the owner may stipulate or the parties may stipulate that no liens should be filed, and if that was done, then neither the contractor, nor any subcontractor, can file a lien, and there is no hardship in that rule; because it would have been very easy for Mr. Cote, furnishing this lumber, to go to Mrs. Schoen, owner of the house, and ask her about them, and ask her what the contract was; or a reasonable protection would have been to ask the contractor to show him the contract, and if they stipulated against liens then he would have known that he had nobody but Mr. Beighley to look to. It is a good deal easier for the party furnishing the material to see the contract, or inquire from the owner in regard to the contract than it is for the owner to go around looking for every material-man; so in this case Mr. Cote, when he fur-

nished this lumber without inquiring of Mrs. Schoen as to what the contract was, or seeing the contract, which he admits he did, took the risk of there being a stipulation against liens being filed.

It seems that there was a written contract and it was lost.

Counsel for the plaintiff have asked us to say to you that the agreement in reference to waiver of liens, as testified to, is insufficient in law to take away the plaintiff's right to file a lien in this case. We refuse that. We think it is sufficient. If in that contract there was a stipulation, as Mrs. Schoen says, that no liens were to be filed, it was binding both upon Beighley and Cote, and I repeat that where he furnished the lumber without seeing the contract, or inquiring of the owner about it, he took the risk of that being in the contract.] [3] If you find that that stipulation was in the contract, you will find for the defendant. If you fail to find that the stipulation was in the contract, then find for the plaintiff for the amount that you think ought to be paid for this lumber.

*Errors assigned* were: (1) In refusing the plaintiff's point, which was as follows: That the agreement in reference to waiver of liens, as testified to, was insufficient to take away the plaintiff's right to file a lien in this case. *Answer:* Refused. (2) In instructing the jury as it did in effect that there was sufficient proof of the terms of the alleged waiver. (3) In charging the jury as follows, reciting portions of the charge. (4) The charge of the court considered in its entirety, had a tendency to mislead the jury. (5) There being more than one view of the case fairly presented by the evidence, the court erred in confining the attention of the jury to but one view.

*Jennings & Wasson*, for appellant.—As to insufficiency of evidence cited, Bolton's Estate, 3 Dist. Rep. 268; 1 Greenleaf on Evidence, sec. 84; 2 Best on Evidence, sec. 483; 2 Greenleaf on Evidence, sec. 688. As to the misleading character of the judge's charge: Pierson v. Duncan, 162 Pa. 187. The testimony, even if sufficient, did not bring the case within the rule laid down in Nice v. Walker, 153 Pa. 123.

*J. McF. Carpenter*, for appellee.—An agreement to keep the

586          COTE, Appellant, v. SCHOEN.

Arguments—Opinion of the Court.          [1 Super. Ct.

building free of liens operates as a waiver of the right of lien
both as to the contractor and subcontractors or material-men:
Association v. Jackson, 163 Pa. 208. The complaint respect-
ing the charge is not well founded: McElroy v. Braden, 152
Pa. 81.

OPINION BY RICE, P. J., May 11, 1896:

The defense in this case was that the contract between
Beighley, the builder, and the defendant, contained a stipula-
tion that no liens should be filed against the building. There
was no dispute as to its other provisions. The contract was
lost. The defendant, an unlearned woman, testified that the
contract contained a stipulation, quoting her language, "that
I was to pay the money as the work went on, and that no liens
should go on my house." Mr. Swogger, who dictated the
paper, testified that its substance was, that "the house was to
be built for $2,200, and delivered free of incumbrances." Mr.
Beighley testified that he did not remember that anything was
said concerning liens or incumbrances. Whatever may be said
of the legal effect of such a stipulation as that of which Mr.
Swogger gave the substance, the testimony of Mrs. Schoen, if
believed, established the substance of a complete and valid
agreement within the rule laid down in Nice v. Walker, 153
Pa. 123, and later cases. No nearer approach to literal exact-
ness in giving the contents of the lost paper could be expected,
or was required to carry the case to the jury. It would have
been error to charge them that the agreement, as testified to,
was insufficient to take away the plaintiff's right to file a lien,
or that the evidence was insufficient to establish the agreement.
The learned judge told the jury in plain terms, that unless
they found that the contract contained a stipulation that no
liens were to be filed, as testified to by Mrs. Schoen, their ver-
dict should be for the plaintiff. In the absence of a request
for more specific instructions the plaintiff is not in a position
to complain.

The portion of the charge complained of in the third assign-
ment of error contains an accurate statement in plain language
of the rule of law applicable to the case. The learned judge hav-
ing stated the rule correctly, it was not error to instruct the
jury, that if the contract contained the stipulation against liens

testified to by Mrs. Schoen, the application of the rule of law would work no hardship against which the plaintiff could not have protected himself by proper diligence. This may not have been absolutely necessary, but it was not misleading. A careful judge will not always content himself with a dogmatic statement of the law applicable to the case, and even if he is not bound to go further, it is certainly not error to point out to the jury the just and reasonable principles upon which it is based.

We see no error in the charge and the assignments are all overruled.

Judgment affirmed.