# T. A. Gillespie *v.* A. F. Keating. Appeal of The Western Electric Company.

*Assignment for creditors—Execution—Sheriff.*

There can be no valid levy made on a writ of execution issued after the defendant in the execution has made an assignment for the benefit of creditors: Missimer v. Ebersole, 87 Pa. 109.

*Execution—Delay by sheriff—Loss of liens.*

An execution creditor who places his writ in the hands of the sheriff with instructions to make the money upon it, and who does not countermand or modify his instructions, or in any way interfere with the execution of the writ, does not lose his lien by the delay of the sheriff in making the sale.

*Execution—Assignment for the benefit of creditors.*

Two executions were placed in the hands of the sheriff with directions to make the money upon them. The directions were subsequently repeated, but the sheriff delayed making the sale. In the mean time an attachment execution was issued against the debtor, who shortly afterwards made an assignment for the benefit of creditors. After the assignment judgment was entered in the attachment execution and a fi. fa. was issued on the

judgment. The sheriff subsequently sold the property of the debtor. *Held*, (1) that the liens of the levies on the first writs were not lost as against the defendant at whose instance the sale was postponed; (2) that as the third execution creditor did not dispute the validity of the assignment, he obtained by his levy no priority over general creditors and no standing to contest the prior levy; (3) that as no general creditors are claiming the fund on the ground that the levies were fraudulent as to them, the first and second execution creditors were entitled to the proceeds of the sale.

Argued Oct. 29, 1896. Appeal, No. 71, Oct. T., 1896, by Western Electric Company, from order of C. P. No. 2, Allegheny County, Oct. T., 1894, No. 27, dismissing exceptions to auditor's report. Before STERRETT, C. J. GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report.

The auditor, John D. Shafer, Esq., reported the facts to be as follows:

On July 10, 1894, T. A. Gillespie issued a fi. fa. against A. F. Keating, returnable to October term, and placed the same in the hands of the sheriff. On July 16, 1894, the sheriff levied on a lot of stationery, prayer books, bills, images, pocketbooks, legal blanks, show-cases, safe and office furniture at the defendant's store on Fifth avenue, Pittsburg, and the leasehold of said premises and all the personal property of defendant thereon. This writ was for $1,009.84 with interest from May 17, 1894, and costs are now taxed on the same, amounting to $107.50. Various sums were paid to the sheriff by defendant on account of this writ, from time to time, as follows: July 30, 1894, $100; July 10, 1894, $200; October 30, 1894, $250; January 3, 1895, $175, and January 8, 1895, $100. On August 22, 1894, Hoffman Bros. Company placed in the sheriff's hands a fi. fa. to November term, 1895, for $1,794.06 with interest from August 22, 1895. On the same day the sheriff indorsed on the writ the same levy as on the first writ. On August 28, 1894, the defendant paid $75.00 on account. When these levies were made the sheriff left the goods levied on in the store of defendant, and defendant carried on his business there as he had done before the levies, paying occasionally to the sheriff moneys on account of the first writ as mentioned. Before

August 24, 1894, Gillespie's counsel had several times verbally notified the sheriff to proceed to collect the money on his writ, and on that day gave him a written notice to that effect. On or about October 24, 1894, they gave the sheriff another written notice peremptorily requiring him to close up the bookstore and sell without delay, unless the balance of the money was paid. Counsel for Hoffman Bros. Company also verbally directed the sheriff when he issued the writ to proceed to levy and sell on it. No instructions or directions were given to the sheriff to the contrary at any time by either of these plaintiffs.

On December 3, 1894, the Western Electric Company, having a judgment against one Livingston, issued an execution attachment which was served on that day on said A. F. Keating as garnishee. On December 22, 1894, A. F. Keating made a voluntary assignment of all his property to Jacob A. Keating for the benefit of his creditors, which was recorded the same day. Jacob A. Keating took possession of the store and property levied on, and proceeded to carry on business as before. On December 29, 1894, judgment was entered in the Western Electric Company execution attachment against A. F. Keating, garnishee, for $2,982.64. On December 31, 1894, a fi. fa. was issued on this judgment and placed in the sheriff's hands, returnable to March term, 1895. On this writ, the sheriff, on December 31, 1894, indorsed the same levy as on the two prior writs. On or about February 18, 1895, the sheriff closed the store on Fifth avenue, and advertised the goods in it for sale. It does not appear from the testimony whether this sale was advertised as being made on any of the writs except the Gillespie writ, but presumably it was advertised on all the writs. On March 1, 1895, after one or more adjournments the property was sold for $1,705, which sum less costs, $107.50, to wit: $1,597.50, has been paid into court, and is the fund for distribution. On March 9, 1895, notice was given to the sheriff of a claim of rent of the premises on which the goods were, due to D. F. Henry. The rent was at the rate of $1,800 a year payable quarterly in January, April, etc. The rent had been paid to January 1, 1895, but the water rent, which the defendant had also covenanted to pay, had not been paid. There was due water rent for several years amounting to $78.00. Of this water rent $16.50 was for the year 1894. On this state of facts

the fund is claimed, first, by D. F. Henry, the landlord, to the amount of rent due from January 1, 1895, to the date of sale; second, by Gillespie and the Hoffman Bros. Company on their writs; third, by the Western Electric Company on its execution attachment and fi. fa.; fourth, by the assignee in case it is not awarded to the first mentioned claimants. As to the rent claim, it will be observed that the latest levy on any of the writs in the sheriff's hands was December 31, 1894. The landlord is entitled to his rent, though not due, apportioned to the time of levy, but not to the time of sale.

The auditor citing: M'Coy v. Reed, 5 Watts, 302; Cathcart's App., 13 Pa. 422; McGinnis v. Prieson, 85 Pa. 116; Weir v. Hale, 3 W. & S. 288; Earl's App., 13 Pa. 484; Missimer v. Ebersole, 87 Pa. 109, awarded the remainder of the fund to T. A. Gillespie and Hoffman Bros. Company.

Exceptions to the auditor's report were dismissed.

*Errors assigned* were in dismissing exceptions to auditor's report.

*A. Leo Weil*, with him *C. M. Thorpe*, for appellant.—Where a sheriff indorses upon a writ of fieri facias a levy upon a stock of goods, but does not take the property into his possession, and leaves the defendant in possession and absolute control, and the condition of affairs continues month after month, the return day of the writ intervening meanwhile, and then still another return day intervening, there being no notice whatever to third persons, the levy is not valid as against a subsequent execution creditor under whose writ a levy is made upon the stock of goods in the same store, and through whose diligence a sale is effected; and such a creditor is entitled to the proceeds of the sale in preference to the dilatory creditor: 1 Troubat & Haley's Practice, sec. 1117; Trovillo v. Tilford, 6 Watts, 468; Lowry v. Coulter, 9 Pa. 349; Wood v. Vanarsdale, 3 Rawle, 401; Cowden v. Brady, 8 S. & R. 505; Dixon v. Sewing Machine Co., 128 Pa. 397; Chancellor v. Phillips, 4 Dall. 213; Sturges's App., 86 Pa. 413.

Even if it be held that the two prior execution creditors at one time had valid levies as against the appellant, the lien of those levies was lost as against third persons at the time the

levy under appellant's writ was made. The course pursued by the two prior creditors is inconsistent with the lawful purposes of a levy, which is to obtain satisfaction of a debt out of the goods. The cases are numerous where prior execution creditors have been postponed to junior execution creditors, because of delay in proceeding and enforcing the prior executions : Lantz v. Worthington, 4 Pa. 153; Weir v. Hale, 3 W. & S. 285; Parys & Company's App., 41 Pa. 273; Earl's App., 13 Pa. 483; Corlies & Company v. Stanbridge, 5 Rawle, 289. In any event, the appellant is entitled to the proceeds of the sheriff's sale, because the goods were sold in a lump and consisted of property in large part not covered by the prior levies, but all covered by the levy under appellant's writ.

The assignee for the benefit of creditors has no standing to claim the same: Hutchman's Exr.'s App., 27 Pa. 209; Walters v. Pratt, 2 Rawle, 265; Bush, Bunn & Co.'s App., 65 Pa. 363.

*Frank Whitesell,* with him *William W. Whitesell,* for Hoffman Bros. Company, appellee.—The sheriff's procrastination cannot postpone a writ, except when the plaintiff directs him not to proceed: M'Coy v. Reed, 5 Watts, 302; Cathcart's App., 13 Pa. 422; McGinnis v. Prieson, 85 Pa. 116. The lien is saved if the sheriff be ordered to proceed before other executions came into his hands: Freeburger's App., 40 Pa. 244; Deacon v. Govett, 4 Phila. 7; Christy v. Reynolds, 4 Phila. 8; Bank's App., 126 Pa. 523; Howell v. Alkyn, 2 Rawle, 286.

The facts found by an auditor or master and approved by the court below, will not be disturbed by the Supreme Court, except for manifest error: Roddy's App., 99 Pa. 9; Logue's App., 104 Pa. 136.

*E. G. Ferguson,* with him *J. S. Ferguson,* for T. A. Gillespie, appellee.—The finding of an auditor based upon sufficient evidence, and approved by the court will not be reversed: Lewis's App., 127 Pa. 127.

An execution levied on personal property will not be postponed by mere delay on the part of the officer, without any direction from the plaintiff: Brown's App., 26 Pa. 490.

OPINION BY MR. JUSTICE McCOLLUM, February 15, 1897 :
We agree with the learned court below that the sale was not

made on the Western Electric Company's writ. The auditor did not find that it was, but he said "presumably it was advertised on all the writs." The sheriff's return showed a sale on the Gillespie writ, but it did not show a sale on the writ of the Western Electric Company. The evidence on this point was that the sheriff refused to sell on the latter writ without a bond of indemnity; that the bond was furnished to him, and that before the sale he surrendered it to the company. The fair inference from this evidence is that the company abandoned its purpose to sell, and determined to rely on its levy. It offered no explanation of the surrender of the bond, nor evidence to show that the sale was made on its writ. As this writ was issued on a judgment obtained after the assignment for the benefit of creditors was made the sheriff was justified in refusing to sell upon it without indemnity. The assignment being valid passed the title to the property to the assignee subject only to the antecedent liens. If there were no such liens upon it a seizure and sale of it on a writ issued on a subsequent judgment would have subjected the sheriff to a liability to the assignee for the full value of it. We think that under the circumstances the supposition of the auditor that the sale was on all the writs was unwarranted. On this point Judge WHITE agreed with his associates although he dissented from the decree because it did not give the fund to the assignee for the benefit of creditors. It may also be stated in this connection that they agreed with him and the auditor that if the liens of the prior levies were lost by the laches of the sheriff the fund should be awarded to the assignee. Were the liens so lost? Certainly not as against the defendant in the judgment at whose instance and for whose accommodation the sale of the property was postponed. The execution creditors had no part in the postponement and there was no taint of actual fraud in it. It was the act of the sheriff based on the solicitation of the debtor, and intended to enable the latter to pay his debts without a judicial sale of his property. Prior to the assignment the execution creditors might have complained of the delay and possibly have instituted proceedings to put an end to it, but no one else could. After the assignment and the sale of the property the general creditors were in a position to claim the fund upon proof that the levies were collusive and fraudulent as to them. But no

general creditor could acquire priority over the others by issuing an execution and levying upon the property after a valid assignment for the benefit of all the creditors had been made and the property had passed under the control of the assignee. This is precisely what the Western Electric Company seeks to do. Its contention is that the fund realized by the sale belongs to it or to the prior execution creditors, and its effort is to postpone the latter for its exclusive benefit. No general creditor as such is contesting the validity of the levies made on the Gillespie and Hoffman writs or the claims of the plaintiff in them to the fund.

The evidence is clear and convincing that the executions issued before the assignment were delivered to the sheriff with directions to make the money upon them; that these directions were not countermanded or modified by the parties, and that they were repeated more than once by the plaintiff in the first execution. The plaintiffs in the executions are thus exonerated from responsibility for the delay in making the sale, and if they lose by it their loss is chargeable to the sheriff's disregard of their positive instructions. No case has been cited which can be justly likened to the one before us, or which furnishes a clear warrant or precedent for the decree contended for on this appeal.

In Earle's Appeal, 13 Pa. 483, the court found from the evidence that the plaintiff " did not put his execution in the hands of the sheriff with a bona fide intent that he should proceed and make the money according to law." In Weir v. Hale, 3 W. & S. 285, it was the arrangement between the first execution creditor and the defendant which was adjudged to give the subsequent executions priority. These cases are plainly distinguishable in their facts from the case at bar. That they have not been considered heretofore as overruling M'Coy v. Reed, 5 Watts, 302, is shown by McGinnis v. Prieson, 85 Pa. 116, in which it was said that " an execution will not be postponed for the officer's default. His procrastination even by the sufferance of the creditor is not fraudulent per se and postpones only when the creditor directs him not to proceed." In the case now under consideration the auditor's findings of fact approved by the court, furnish an adequate basis for the decree appealed from, and they appear to be well sustained by the evidence.

The Western Electric Company is not in the position of an

execution creditor having a levy before the assignment. It does not dispute the validity of the assignment and it has acquired by its levy no priority over the other creditors, or standing to contest the preceding levies. Whatever rights it had respecting these levies were those of a general creditor and exercisable under the assignment. In Missimer v. Ebersole, 87 Pa. 109, it was held that there could be no valid levy made on a writ issued after the assignment.

The specifications of error are overruled.

Decree affirmed and appeal dismissed at the costs of the appellant.