## Thrall, Appellant, *v.* Wilson.

*Principal and agent—Limitation on authority of agent—Notice.*

A principal may put one in charge of his business with the apparent authority, so far as the general public is concerned, of a general agent to buy, yet if he limits his authority as to the persons from whom he shall buy, or as to the amount of debt that he may incur, third persons who, with the knowledge of these limitations, permit the agent to exceed his authority in his dealings with them, do so at their peril.

If at the beginning of dealings between dealers and an agent the principal notifies the dealers not to sell the agent goods and give him credit beyond a certain amount, something more is required to make the principal liable for the excess than proof merely that the goods were ordered by and delivered to the agent.

*Principal and agent—Ratification—Retention of goods.*

Where a principal has notified dealers not to sell goods beyond a cer-

tain amount to his agent, and the dealers disregard this notice, and subsequently bring an action against the principal for the whole amount of the goods sold to the agent at the price at which they were sold, on the ground that the principal had ratified the act of the agent by retaining the goods, the plaintiffs must show not only that the principal knew that the agent had bought goods beyond the limit, but they must also show, that the goods had not been so commingled with the stock of similar goods that they could not be identified and returned. In such a case, the burden of proving what specific goods and their value, were converted to his own use by the defendant, after notice that his agent had exceeded his authority rests on the plaintiffs.

*Practice, C. P.—Trial—Charge of court.*

The fact that a judge in charging a jury gives reasons for his conclusions and in doing so elaborates more than is necessary is not error provided, these explanatory instructions are not irrelevant, nor erroneous, nor so confusing as to be misleading.

The extent to which a trial judge ought to go in reviewing, analyzing and commenting on testimony, depends very largely upon the circumstances of the case, and, to some extent upon the line of argument pursued by counsel in addressing the jury. Generally it must be left to his sound discretion. It is in only exceptional cases, as for example where it plainly appears that the charge is so inadequate in this regard as to be misleading, or where by indirection it withdraws the attention of the jury from matetrial issues or evidence, or from matters entering as necessary elements into the decision of the question at issue, or where its tendency as a whole is to unduly magnify the importance of the proof introduced by one party and to belittle those introduced by the other party that the court will be reversed upon a general exception to the entire charge. Per RICE, P. J.

*Appeals—Amending or moulding judgment—Act of June 24, 1895, P. L. 212.*

Where a judgment as entered raises a doubt whether it expresses the evident intention of the jury and the court below, the Superior Court will under section 8, par. 8, of the Act of June 24, 1895, P. L. 212, mould or amend the judgment so as to make it express the true intent of the jury and the court below.

Argued Feb. 12, 1901. Appeal, No. 2, Feb. T., 1901, by plaintiffs, from judgment of C. P. Lycoming Co., Dec. T., 1897, No. 117, on verdict for defendant, in case of F. B. Thrall and J. T. Long, trading as F. B. Thrall & Co. v. A. Wilson. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before ALBRIGHT, P. J., specially presiding.

From the record it appeared that in April, 1896, H. G. Stine, who kept a retail grocery store in the city of Williamsport, was largely indebted to Albert Wilson, and for the purpose of paying his indebtedness, Stine executed and delivered to Wilson a bill of sale of, among other things, the stock of groceries in the store, and employed Stine, by written agreement, at a monthly salary, to run the store until appellee could find a purchaser for it, and in that agreement it was provided that Stine was to render to Wilson a faithful account of all goods sold and money received, and that no purchases should be made by Stine without the written consent of appellee.

Between May 19, 1896, and May 25, 1897, F. B. Thrall & Company, who were wholesale grocers in the city of Williamsport, sold to Stine merchandise to the amount of $884.40, upon which Stine from time to time paid $522.93, leaving a balance, according to appellant's statement of claim, of $361.47 due appellants.

To recover this balance, appellants brought this action in the court below against appellee, " for goods sold and delivered by plaintiffs to defendant through H. G. Stine, his agent."

Upon the trial of the case the defendant, appellee, contended that he had expressly limited the amount of goods to be sold by plaintiffs, appellants, to H. G. Stine to $150 worth, but to " save costs of a lawsuit " made a tender before suit brought to plaintiffs, of $200.  Plaintiffs, appellants, contended that there was no such limitation, and this question of fact was submitted to the jury.

The plaintiffs presented this point:

The defendant having admitted by record that H. G. Stine was his agent in conducting the grocery business carried on by the defendant at the store, situate at the corner of Walnut street and Erie avenue, in the city of Williamsport, Pennsylvania, that the goods therein belonged to the defendant and were sold for his use and benefit.  If the jury further find from all the evidence that H. G. Stine, as agent, bought the goods sold by the plaintiffs from May 19, 1896, to May 25, 1897, for the use and benefit of the defendant, then the plaintiff is entitled to recover in this suit the balance due the plaintiffs from the defendant, to wit: $361.47, with interest thereon from the

date when the suit was brought, September 21, 1897. *Answer :* This point is negatived. If the allegation that he had limited the plaintiffs as to the amount plaintiffs were to sell to Stine, then the defendant is liable only for the amount so limited. However, if the defendant knew that Stine had exceeded such limit and with such knowledge sold or caused to be sold the goods in excess of the limit, then the defendant is liable for the whole amount. The defendant is bound, as stated in this proposition, if it is found that Stine had sold the goods for Wilson's benefit, with Wilson's knowledge that Stine had purchased in excess of the alleged limit, provided it is found that Wilson could distinguish, or had the knowledge of the goods that were purchased in excess of the limit, and could have repudiated the purchase in excess of the limit by declining to receive or sell the goods that were in excess. [5]

The jury returned the following verdict:

The jury find in favor of defendant was indebted to plaintiffs in the sum of $200. The same tendered before the suit, including the sum paid into court, and in no greater sum, and that the money in court is the plaintiff's money, and can be taken at any time.

The court entered judgment on the verdict as follows:

Ordered that upon payment of the jury fee, the prothonotary enter judgment on the verdict in favor of the plaintiff for $200, including the $150 in court.

*Errors assigned* were (1) the charge as a whole. (5) Refusal of point. (6, 7) Form of judgment.

*H. T. Ames*, of *Ames & Hammond*, for appellants.—It is error for the trial judge to prominently present in his charge the theory and strong features of one side of a case and ignore the theory of the other side and the facts on which it is based: Burke v. Maxwell, 81 Pa. 139–153; Goersen v. Com., 99 Pa. 388–400; Minick v. Gring, 1 Pa. Superior Ct. 484–489; Samuel v. Knight & Co., 9 Pa. Superior Ct. 352–362; Reber v. Herring, 115 Pa. 599–608; Tietz v. Phila. Traction Co., 169 Pa. 516–522; Penna. Canal Company v. Harris, 101 Pa. 80–92.

It is a rule of law which does not admit of dispute that an agent is bound to keep his principal informed of all material

occurrences in the agency: Harvey v. Turner & Co., 4 Rawle, 222; Brown v. Arrott, 1 Miles, 137–143; Moore v. Thompson, 9 Phila. 164; Story on Agency, sec. 208; Clark v. Bank of Wheeling, 17 Pa. 322.

If an agent obtains possession of the property of another by making a stipulation or condition which he was not authorized to make, the principal must either return the property, or if he receives it, it must be subject to the condition upon which it was parted with by the former owner: Mundorff v. Wickersham, 63 Pa. 87; Meyerhoff v. Daniels, 173 Pa. 555; Wheeler & Wilson Mfg. Co. v. Aughey, 144 Pa. 398; Jones v. National Building Assn., 94 Pa. 215.

*John J. Reardon,* for appellee.

Opinion by Rice, P. J., July 25, 1901:

In May, 1896, the defendant bought of Stine, a retail grocer, his stock of goods and put Stine in possession as the manager of the business at a salary, to be paid monthly, "equal to one half of the net profits of the mercantile business so conducted." The defendant was engaged in a different business elsewhere to which he gave his chief attention, but he admits that he visited the store two or three times a week. From time to time, while so conducting the business, Stine bought goods from the plaintiffs for the store and made payments on account. This action of assumpsit was brought to recover the balance alleged to be due "for goods sold and delivered by the plaintiffs to the defendant through H. G. Stine, his agent."

It is an elementary principle that acts of an agent within the scope of his ostensible, but in excess of his real, authority are binding upon his principal as to third persons who have relied upon the agents possessing such authority as he appears to have. Therefore, notwithstanding the agreement between Stine and the defendant that no purchases should be made by Stine without the written consent of the defendant first had for that purpose, the foregoing facts made a prima facie case for the plaintiffs, as the jury must have understood from the following explicit instructions of the court: "When one places his business in the hands of another, and that business requires the buying of goods and the selling of goods, there the law implies that he

is the agent to buy. In other words, in carrying on that business he stands in the place of the principal, the owner, and if there was no limiting of the plaintiffs, Thrall & Company, we say to you that whatever Stine purchased and belonged to that store, and was in the line of that business, the principal, Wilson, would be liable for, whether it would be much or little."

But a third person having notice of the extent of the authority expressly conferred is not justified in assuming powers in the agent in excess of such authority. Much less is he justified in ignoring the special limitations upon the authority of the agent to deal with him to which he has given his express assent. A principal may put one in charge of his business with the apparent authority, so far as the general public is concerned, of a general agent to buy, yet if he limits his authority as to the persons from whom he shall buy or as to the amount of debt that he may incur, third persons who, with the knowledge of these limitations, permit the agent to exceed his authority in his dealings with them do so at their peril. To be more explicit, if at the beginning of their dealings with Stine as the representative of the defendant the latter notified the plaintiffs not to sell Stine goods, and give him credit beyond a certain amount, something more was required to make the defendant liable for the excess than proof, merely, that the goods were ordered by and delivered to Stine. See White v. Cooper, 3 Pa. 130. There was ample evidence, we might say a preponderance of evidence, to sustain the defendant's allegation that when the plaintiffs solicited the priviledge of selling goods to Stine the defendant expressly limited them as to the amount of such sales, and subsequently warned them not to go beyond that amount. But as there was a denial of this allegation the question was for the jury, and in our opinion was submitted to them with adequate clear and impartial instructions. There was some obscurity in the evidence as to the amount of the limit, whether $150 or $200, and the jury resolved that question in favor of the plaintiffs : but that the latter were limited as to the amount of the credit which they might give Stine as the defendants' representative is conclusively established by the verdict.

We come now to the question raised by the answer to the plaintiffs' point, (fifth assignment) and the instructions complained of in the third assignment. In August, 1897, the de-

fendant sold the entire stock of goods in the store to one George Stadden.   We may assume for the purposes of this discussion that in this sale and in the retail sales previously made all the goods bought of the plaintiffs by Stine in excess of the limit were disposed of for the defendant's use.   It is argued from these premises that the defendant is liable to the plaintiffs for the price at which they were sold to Stine, upon the ground that he accepted the benefit of Stine's contract with them, and, therefore, is bound by all its terms.   In his general charge the learned judge stated the plaintiff's proposition fairly and after giving the reason why it could not be affirmed without qualification said : " But we do affirm the proposition made by the plaintiffs that if Wilson, knowing that goods had been brought there into his store, in excess of $150, and he took the money which the sale of them produced, when he might have repudiated and declined to own them, and might have sent back the goods in excess, then he would be liable, because he would have been getting the benefit of the goods he had in excess, that is, more than he provided for in making his bargain."   The instructions given in answer to the plaintiffs' point (fifth assignment) were to the same effect.   In considering these instructions it is to be borne in mind that this is not an action to recover the amount the defendant received from the goods bought by Stine in excess of his authority.   For as to that there was no evidence. The action was to recover the price at which they were sold to Stine, and the point submitted by the plaintiffs called for binding instructions to the effect that they were entitled to recover that amount.   The question, therefore, is whether there was such ratification of the agent's unauthorized act as was equivalent to prior authority.   Upon that ground alone (if at all under the pleadings and evidence in the present case) was the plaintiff entitled to an affirmance of his point.   The general rule is, that ratification of an unauthorized act of an agent must, to be valid, be the voluntary act of the principal, he at the time of the supposed ratification being fully informed of all material facts and circumstances attending the unauthorized act : 1 P. & L. Dig. of Dec. 674.   Unquestionably, ratification may be, and often is, implied from the retention of goods bought by an agent in excess of his authority, but where this implication is made it is upon the ground, that the principal had an election,

either to disavow the unauthorized act of his agent and tender a return of the goods or to keep the goods and pay for them. It is thus seen that it was important for the jury to determine whether the defendant knew that Stine had incurred debt beyond the limit for goods bought of the plaintiffs and whether the goods so bought could be identified and returned. If at the time the defendant learned this fact he could have returned the goods, his subsequent conversion of them might raise the implication of ratification, but if at that time they had been sold or were so commingled with the stock of similar goods in the store that they could not be identified and returned, we think the court was right in saying that the defendant would not be bound for the price at which Stine had bought them. Because as the learned judge said: " We do not know whether the goods in excess of the $150 were sold for what they cost, or for less or more." As to one who has induced, or knowingly permitted, an agent to violate his instructions as to the amount of debt he may incur, it is no hardship to hold, that the limit of the liability of the principal, who is placed in the situation above described is the benefit actually received by the latter from the transaction, and that in this case, the burden of proving what specific goods, and their value, were converted to his own use by the defendant, after notice that his agent had exceeded his authority, rested on the plaintiffs. It follows that the court could not have affirmed the plaintiffs' point without qualification; and we find no cause for reversal in the qualification given, or in the charge as a whole. That a judge in charging a jury gives reasons for his conclusions and in doing so elaborates more than is necessary is not error, provided, as was the case here, these explanatory instructions are not irrelevant, nor erroneous, nor so confusing as to be misleading. As we had occasion to remark in Cote v. Schoen, 1 Pa. Superior Ct. 583 : " A careful judge will not always content himself with a dogmatic statement of the law applicable to the case, and even if he is not bound to go further, it is certainly not error to point out to the jury the just and reasonable principles upon which it is based."

The extent to which a trial judge ought to go in reviewing, analyzing and commenting on testimony depends very largely upon the circumstances of the case, and, to some extent, upon the line of argument pursued by counsel in addressing the jury.

Generally it must be left to his sound discretion. It is only in exceptional cases, as for example, where it plainly appears that the charge is so inadequate in this regard as to be misleading, or where by indirection it withdraws the attention of the jury from material issues or evidence, or from matters entering as necessary elements into the decision of the question at issue, or where its tendency as a whole is to unduly magnify the importance of the proofs introduced by one party and to belittle those introduced by the other party, that the court will be reversed upon a general exception to the entire charge : Blank v. Barnhart, 17 Pa. Superior Ct. A careful examination of the charge in the light of evidence has failed to convince us that either of the first five assignments can be sustained.

It is argued in support of the two remaining assignments that if the judgment as ordered by the court stands, it compels the plaintiffs to receive the $150 paid into court as a tender, less the prothonotary's statutory commission, and $50.00 in satisfaction of the verdict in their favor for $200. We are not convinced that this is the necessary construction of the order ; but, to remove all doubt upon that point, we will amend the judgment so as to express the evident intention of the jury and the court below, as we have power to do under sec. 8, par. 8 of the Act of June 24, 1895, P. L. 212.

Now July, 1901, as of March 28, 1900, judgment is entered in favor of the plaintiffs on the verdict for $200, together with interest thereon from December 15, 1899, the date of the verdict, and accrued costs in the court below, with leave to the plaintiffs to take out of court the sum of $150, less prothonotary's commission on the last mentioned sum and to issue execution for the balance of the judgment. As thus modified and amended the judgment is affirmed.