## Davis, Appellant, *v.* Commonwealth Trust Company et al.

Argued May 24, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*George L. Reed,* with him *Elmer E. Erb,* for appellant.

*Mark T. Milnor,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, June 19, 1939:

Plaintiff sued in trespass, to recover damages from Commonwealth Trust Company and Elmer E. Hoerner, a constable, for an unlawful distraint. The action resulted in a verdict for plaintiff for $6,500. While motions for a new trial and for judgment n. o. v. were pending, by agreement of counsel, the verdict was reduced to $5,750, the motions were withdrawn, and the court

entered judgment on the verdict as reduced. There-after, on petition of the Trust Company, a rule was granted on plaintiff to show cause why the lien of the judgment should not be released from all real estate, title to which is in the name of the Trust Company, or its liquidating trustees, the basis of the application being that, before the verdict was rendered, the Trust Company went into liquidation, and conveyed, to liqui-dating trustees, all real estate it owned in its own right, and retained in its name only such as it held as trustee, the beneficial interest belonging to others. The hear-ing on this petition was held before a judge, specially presiding, who did not conduct the trial. He entered an order, discharging the rule, without prejudice to the right to move for an entry upon the record in con-formity with the theory of the parties at the time of the entry of the judgment. It is important to note that, in his answer to the petition for the rule to show cause, plaintiff admitted that "prior to verdict and judgment, the plaintiff's claim was a common or secondary claim against the trusteed assets of the Commonwealth Trust Company only." His position now is that, through the alchemy of entering judgment on the verdict, he has secured a preferential lien, ahead of depositors, upon such of the trusteed assets as are real estate, and also upon real estate in the name of the Trust Company, notwithstanding it has no interest therein, but holds title for others.

Subsequently a writ of scire facias was issued by plaintiff, whereupon the Trust Company, and the liqui-dating trustees of its trusteed assets, petitioned the court for a rule to show cause why the judgment should not be amended and restricted, so that it should not be a lien upon the real estate, title to which is in the name of the Trust Company or the liquidating trustees. The hearing on this rule was held before the judge who had tried the case, who in his opinion says: "The judgment directed to be entered by this court in favor of the plain-

tiff, and in the agreed sum of $5,750.00, on May 31, 1938, or more than three years after the closing of the Commonwealth Trust Company for the purposes of liquidation, was merely an adjudication of the claim of the plaintiff against the Trust Company in an action in trespass for damages growing out of an illegal distress proceeding for rent. It was a common claim against said company while in process of adjudication and did not become a preferred claim against any of the assets of the company, real or personal, which were, on the date of said adjudication, and now are, being liquidated —both trust and commercial department assets—merely because it was reduced to judgment, and it was never the intent of this court when, on May 31, 1938, it directed that judgment be entered on the verdict, that said judgment should become a lien on real estate in the process of liquidation pursuant to an Act of Assembly (the Act of May 4, 1933, P. L. 271, No. 95, as supplemented by the Act of May 26, 1937, P. L. 886), and thereby, not only, create a preference in favor of the judgment creditor, but also thereby delay, prevent and interfere with the legal and orderly liquidation of the real estate of the insolvent." The court concluded that under the Act of May 26, 1937, P. L. 886, it had power and authority to amend, modify and restrict the verdict and judgment thereon, and added, "We conceive it to be our duty to give practical effect to what we intended when we directed the entry of the judgment in this case."

When account is taken of these facts and that, when the court entered the judgment, it had complete control of the proceeding by reason of the pendency of the motion for a new trial and for judgment non obstante, it is difficult to see how the appellant has any standing to question what the court did. What was done simply rectifies a mistake and the court always has power to correct mistakes made by it in its own records. The power of courts to correct their own judgment is in-

herent: *Aycinena v. Peries*, 2 Pa. 286; *Altoona Trust Co. v. Fockler*, 311 Pa. 426, 165 A. 740; and they may be corrected to agree with the facts: *Mars Natl. Bank v. Hughes*, 243 Pa. 223, 89 A. 1130; and to express the true intent of the court and jury: *Thrall v. Wilson*, 17 Pa. Superior Ct. 376.

Appellant's counsel recognize that the question of restricting the judgment was before the court when it was entered, because in their brief they say: "Appellant does not deny that counsel for appellee stated at that conference [when the verdict was reduced and the judgment entered] that the Commonwealth Trust Company owned no real estate and expressed the opinion that the agreed verdict of $5,750 would become a common or secondary claim only. It is denied that the appellant, through his counsel made any agreement to that effect." Even if appellant's counsel did not make any agreement, if the court mistakenly thought they had and acted upon this mistake, it was justified in correcting it.

Furthermore, it is admitted by appellant, as heretofore stated, that the claim was nothing more than a common or secondary claim against the assets of the Trust Company in possession of the liquidating trustees. The securing of a judgment on such a claim could not give it a higher status than it primarily had. The liquidating plan of the Trust Company provided for payment: first, of expenses incident to the liquidation; second, of the debts to the Reconstruction Finance Corporation; third, of deposits; fourth, of claims of other creditors; fifth, balance, if any, to stockholders. This follows the order of distribution provided by the Banking Code of May 15, 1933, P. L. 565, as amended, 71 PS Secs. 733-1011. The assets of the company are being liquidated pursuant to the Act of May 4, 1933, P. L. 271, which provides in section 4 that any plan approved by the Department of Banking and the requisite percentage of depositors, other creditors and stockholders,

shall become effective and be binding as to all. The provisions of the act have been passed upon in *Statler v. U. S. Savings & Trust Co.*, 122 Pa. Superior Ct. 189, 186 A. 290; *Smith v. Stricker*, 123 Pa. Superior Ct. 181, 186 A. 369; *Smith v. Capital Bank & Trust Co.*, 325 Pa. 369, 191 A. 124.

Under no possible theory could appellant secure a lien on real estate which the Trust Company held as trustee for others. A judgment is a lien against only that real estate in which the judgment debtor has the beneficial interest; as to real estate to which the debtor holds only the bare record title the judgment is no lien: *Sill v. Swackhammer*, 103 Pa. 7; *Rochester Trust Co. v. White*, 243 Pa. 469, 90 A. 127; *Kauffman v. Kauffman*, 266 Pa. 270, 109 A. 640. Appellant makes some point of a status under the Act of June 4, 1901, P. L. 425, 21 PS Sec. 601, relating to resulting trusts, and suggests that the trusts covering the real estate here in question are void as to him, because he is a bona fide judgment creditor. It has been repeatedly pointed out that the Act of 1901 has application only to one particular type of trust, that which arises by reason of a payment of the purchase money by one person and the taking of title in the name of another: *Rosa v. Hummel*, 252 Pa. 578, 97 A. 942; *Loughney v. Page*, 320 Pa. 508, 182 A. 700. The act has no application to the situation here presented.

Appellant bases its claim that the verdict and judgment as originally entered binds all of the real estate of the Trust Company upon Section 1 of the Act of March 23, 1877, P. L. 34, 12 PS Sec. 861, which provides that when a verdict is rendered, the verdict shall be a lien upon the real estate situate within the county of the party against whom the verdict shall be rendered, the lien to remain unless the court grant a new trial or arrest the judgment. Here, the court has arrested the judgment by limiting its lien.

There are other reasons than those argued why appellant's position cannot be maintained. The real estate transferred to the liquidating trustees was transferred in accordance with the plan of reorganization for the purpose of liquidation and for the joint benefit of the depositors and creditors of the Trust Company. It had been transferred prior to the rendition of appellant's verdict and of course prior to the entry of judgment thereon. There is no question that the real estate had been transferred in good faith. This being so, the judgment was not a lien on the real estate so transferred. A judgment is not a lien against real estate which the judgment debtor had previously transferred in good faith: *Benson & West v. Maxwell,* 105 Pa. 274; *McCleery v. Stoup,* 32 Pa. Superior Ct. 42; 15 R. C. L. 800. "A judgment does not attach as a lien upon land which before its rendition had been sold or aliened by the owner in good faith, . . . or which had passed under an assignment for the benefit of his creditors": 34 C. J. 588. Appellant argues that the liquidating trustees are merely voluntary assignees for the benefit of creditors, and not purchasers for value, and that under such circumstances the judgment is a lien against the real estate transferred to them. Without assenting to the proposition that the liquidating trustees were merely voluntary assignees, it may be pointed out that, even if it were correct, the judgment would not bind the real estate transferred to them: *Hodenpuhl v. Hines,* 160 Pa. 466, 28 A. 825; *Gillespie v. Keating,* 180 Pa. 150, 36 A. 641; 6 C. J. S. 1319; 4 Amer. Jur. 387.

The decree of the court below is affirmed at appellant's cost.