## Welsh, Appellant, *v.* May.

Argued March 18, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and WRIGHT, JJ. (GUNTHER, J., absent).

*Raymond Jenkins*, for appellant.

*William K. Ravetz*, for appellee.

OPINION BY ROSS, J., July 14, 1953:

In this action of assumpsit the complaint alleged,

inter alia: (1) That on or about July 13, 1944 plaintiff by his employe entered into an agreement with defendant whereby plaintiff agreed to deliver 1042¼ yards of "khaki herringbone twill cloth" to defendant and to pay defendant for cutting said cloth; (2) that defendant agreed to cut the cloth and "redeliver" the same to plaintiff; (3) that plaintiff delivered the cloth to defendant; (4) that though plaintiff thereafter demanded return of the cloth, defendant refused to return the same or pay for it; and (5) that "the fair market value" of the cloth at the time of the transaction was 38 cents per yard, or a total of $395.25.

Defendant filed an answer, new matter and a counter-claim. The effect of the pleading was to admit receipt by defendant from plaintiff of 1042¼ yards of cloth, but to assert that delivery was made under an agreement different from that alleged by plaintiff. According to defendant, the said cloth was delivered to him "in the usual course and practice of business relations between the parties, whereby, subsequent to the receipt of the said goods the custom had been that the defendant proceeded to cut, make and trim the goods into cover-alls at an agreed price per dozen, which were then resold to the plaintiff by the defendant". Defendant alleged further that after he received the goods from plaintiff and prior to the cutting thereof "the defendant informed the plaintiff that he did not make the said goods into cover-alls, since the plaintiff was indebted to the defendant in the sum of $400.00". And finally it was alleged that defendant informed plaintiff that he was "setting off and applying" the amount of $395.25 "as a credit against plaintiff's account with the defendant" and plaintiff agreed to the set-off.

When on May 17, 1951 the case was called for non-jury trial in the court below, the defendant was permitted to make certain amendments in his pleading,

the effect of which was to admit the receipt of only "approximately 540" yards of goods and to strike from one paragraph a statement to the effect that the goods were delivered to defendant "on invoice . . . for a total price of $395.25". Plaintiff pleaded surprise and the case was continued.

The case came on for trial on April 1, 1952 and again the defendant was permitted to amend. The pleading in its final form admitted receipt of "540 yards of material at the price of 38 cents per yard for a total of $205.20", and denied that any sum of money was due plaintiff but on the contrary demanded judgment against plaintiff in the sum of $195.90. The trial proceeded before a judge sitting without a jury, who on April 14, entered the following verdict: "As to the claim of the Plaintiff against the Defendant, the Court finds for the Defendant and as to the Counter Claim of the Defendant against the Plaintiff the Court finds for the Plaintiff." Plaintiff's motion for a new trial was overruled and he has appealed to this Court.

Frank Bonivich, a witness for plaintiff, testified that he was employed by the defendant at the time of the transaction under consideration as a "cutter". He stated that on or about July 13, 1944, he received from one of plaintiff's employes "O.D. remnants" and that he cut the cloth and so informed plaintiff.

Defendant was called as on cross-examination by plaintiff. He testified that it was his practice to receive cloth from plaintiff and to make a charge for "cutting and making" the same. He stated that there was only "approximately five hundred forty yards" of cloth, and that "I made the goods up and held them in finished form" and when plaintiff refused his demand for money "I sold the goods for twenty-seven dollars a dozen". Defendant stated that he made $135

on the transaction and "mentally" applied that sum against the sum plaintiff owed him.

Plaintiff testified that he delivered 1042¼ yards of cloth "to Frank Bonivich" and that it was never returned.

The defendant's case tended to show that the alleged debt owed to him by plaintiff arose out of short deliveries of cloth. Defendant stated that the total shortage amounted to 1100 yards of cloth, which he paid for and did not receive.

There was, then, evidence which if believed would support a conclusion that the defendant appropriated to his own use 1042¼ yards of cloth belonging to plaintiff having a value of $395.25. There was other evidence tending to establish that the defendant had a valid claim against plaintiff in the sum of "approximately four hundred dollars" as the result of shortages in lots of cloth sold by plaintiff to defendant. The sums of $395.25 and "approximately four hundred dollars" are, of course, roughly equivalent. A counterclaim may defeat the relief demanded by plaintiff. Pa. R. C. P. 1031. A necessarily minute reading of the opinion of the court below in its entirety impels this Court to the conclusion that the trial judge considered his recorded finding equivalent to a finding that *each* party had proven his full claim and that one claim defeated the other.

Where a judgment as entered raises a doubt whether it expresses the evident intent of the jury and the court below, this Court may under section 8, par. 8, of the Act of June 24, 1895, P. L. 212, 17 PS §192, mould or amend the judgment so as to make it express the true intent of the jury and the court below. *Thrall v. Wilson,* 17 Pa. Superior Ct. 376; *Davis v. Commonwealth Trust Co.,* 335 Pa. 387, 391, 7 A. 2d 3. The intent of the court below sitting as a jury was to find

for plaintiff in the full amount of his claim and to find for defendant on his counter-claim in an equal sum. This Court will amend the judgment of the court below to make it express that intent.

The plaintiff, confused by the wording of the court's finding, questions its validity. Whatever merit there may be to plaintiff's contentions based upon the apparent purport of the judgment of the court below, the actual finding is supported by substantial evidence. Plaintiff makes no complaint of trial errors, but questions only the weight of the evidence and the credibility of the witnesses. These were for the fact finder—the trial judge.

The finding of the court below upon which judgment was entered is amended to read as follows: "The court finds for the plaintiff in the amount of $395.25; and as to the counter-claim of defendant against the plaintiff the court finds for the defendant in the amount of $395.25."

As amended the judgment is affirmed.