## Camp *against* Walker.

A justice of the peace has jurisdiction of an action upon a negotiable note in the hands of an indorsee, although the consideration of it was the sale of a tract of land; *aliter*, if the suit is brought by the payee.

In an action by an indorsee of a negotiable note, against the maker, the declarations of the payee after he had parted with the note, cannot be given in evidence.

ERROR to the common pleas of *Mercer* county.

This action was instituted by John Knapp, for the use of David N. Camp, against James and Samuel Walker, before a justice of the peace, and was founded upon a negotiable note in these words: " For value received, we jointly, or severally, promise to pay John Knapp, or bearer, one hundred and fifty dollars by the first day of January next, interest to be computed annually, as witness our hands."

The defendant offered to prove Knapp's declarations after he parted with it, that the note had been given in consideration of the sale of a tract of land, in order to maintain the principle that the justice, before whom the action originated, had not jurisdiction. The plaintiff objected to the evidence, on the ground that the note was in the hands of a third person, and the defence of the defect of title, if such existed, could not be made, and that Knapp's declaration could not be given in evidence. The court overruled the objection; the evidence was given, and the plaintiff excepted.

The court below instructed the jury, that if the consideration of the note was the conveyance of land, the justice had not jurisdiction, and the plaintiff could not recover.

*Pearson*, for plaintiff in error, cited 3 *Penns. Rep.* 388; 2 *Watts* 135; 3 *Watts* 352.

*Holstein*, contra, contended that if the suit had been instituted by Knapp, the justice would not have had jurisdiction, and that his transfer of the note to another would not operate to change the jurisdiction.

The opinion of the Court was delivered by

ROGERS J.—This was a suit brought before a justice of the peace, by the holder of a negotiable note, to recover from the defendant a sum less than 100 dollars, and the main question is, whether the justice had jurisdiction. If the suit had been brought by the payee,

[Camp v. Walker.]

the consideration could have been inquired into; and if it had appeared that the note had been given as the price of real estate, the justice would not have had jurisdiction. The act of 1810 preserves the exclusive jurisdiction of the court of common pleas in actions where the title to lands and tenements' *may* come in question, and in Sechrist *v.* Connell, 3 *Penns: Rep.* 389, it was decided that *may* was not intended to mean *shall;* but I know no case where it was ruled, as is supposed in the charge, that a justice has not jurisdiction, merely because the consideration of a bond or note was real estate. The test of jurisdiction is whether the title to land may come in question. But it is not perceived how the title to the land, which was the consideration of the note, can come in question. The holder of a negotiable note has nothing to do with the original consideration; he takes it discharged of all equities between the maker and payee.

It was not material whether Walker had notice of the transfer of the note at the time of his settlement or not. The note was negotiable, and was passed away before the settlement between the maker and payee, in the regular course of business. If the maker of the note thinks proper to pay the payee, without the production of the note, he does so at his own peril. The holder, who has the legal title, can recover from him, notwithstanding such payment. This case, however, is clear of all difficulty, as it appears that Walker had notice of the transfer at the time of the settlement. It is scarcely necessary, after the repeated decisions which have been made, to add, that the declarations of Knapp, after he had parted with his interest, were improperly received in evidence.

In the argument, it was properly conceded that the court was in error as to this part of the record.

Judgment reversed, and a *venire de novo* awarded.