## Rosa, Appellant, *v.* Hummel.

*Trusts—Resulting trusts—Judgment creditors of trustees—Act of June 4, 1901, P. L. 425—Construction.*

1. A judgment creditor is not entitled to the protection of a purchaser of the legal title against an equitable owner.

2. The Act of June 4, 1901, P. L. 425, providing in effect that where a resulting trust shall arise with respect to real property by reason of the payment of the purchase-money by one person and the taking of the legal title in the name of another, such trust shall be void and of no effect as to bona fide judgment or other creditors, does not apply to those trusts which arise where a conveyance is made without any consideration, and it appears from the circumstances that the grantee was not intended to take beneficially.

3. Where certain real estate was sold by the sheriff as the property of a debtor who had received a grant of the legal title without consideration, and had executed a declaration of trust in favor of a third person, the equitable owner of the land was entitled to possession as against the sheriff's vendee.

Argued Jan. 6, 1916. Appeal, No. 242, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., Dec. T., 1913, No. 4767, for claimant n. o. v., in case of Generoso Rosa v. George Hummel, Defendant, and Emma C. Bergdoll, Claimant. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Ejectment to recover land purchased by plaintiff at a sheriff's sale. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for the land by direction of the court and damages assessed at $1,006.56. The court subsequently entered judgment for claimant n. o. v. Plaintiff appealed.

*Error assigned* was in entering judgment for claimant n. o. v.

*John G. Johnson,* with him *George C. Muhly,* for ap-

pellant.—The Act of June 4, 1901, P. L. 425, was passed for the benefit of bona fide judgment or other creditors of the holders of the legal title, mortgagees of holders of the legal title and purchasers of the holder of the legal title: Rochester Trust Co. v. White, 243 Pa. 469; Levy v. Hershberger, 249 Pa. 504.

*I. G. Gordon Forster,* for appellee.—The Act of June 4, 1901, P. L. 425, does not apply to those resulting trusts which arise where a conveyance is made without any consideration and it appears from the circumstances that the grantee was not intended to take beneficially.

Opinion by Mr. Justice Potter, March 13, 1916:

In the Act of June 4, 1901, P. L. 425, it is provided, "that whenever hereafter a resulting trust shall arise with respect to real property by reason of the payment of the purchase-money by one person and the taking or making of the legal title in the name of another, if the person advancing the purchase-money has capacity to contract, such resulting trusts shall be void and of no effect as to bona fide judgment or other creditors," &c., unless a declaration in trust has been executed and recorded, or an action of ejectment begun against the holder of the legal title.

It will be noticed that the terms of the act limit its application to a resulting trust arising with respect to real property, "by reason of the payment of the purchase-money by one person and the taking or making of the legal title in the name of another." In the present case, if there was a resulting trust, it did not arise by reason of the payment of purchase-money, as the title to the property in question was in the name of Emma C. Bergdoll prior to 1908, when she conveyed it, without consideration, to Romig.

If, in this case, a trust arose presumptively, it came within what in Bispham's Equity, Sec. 79, is termed the fourth class, which comprises such as arise where a con-

veyance is made without any consideration, and it appears from circumstances that the grantee was not intended to take beneficially.

Counsel for appellant contend it was not intended that the Act of 1901 should be limited to a single class of trusts, arising only by reason of the payment of purchase-money, but that it was intended to apply to all resulting trusts; we cannot, however, so read the statute. Both in the title and in the body of the act, its operation is expressly limited to trusts which arise from the payment of purchase-money. However beneficial it might be, to extend the scope of the law, as suggested by counsel for appellant, such relief should come from the legislature, rather than through a forced construction of the statute by the courts.

It appears from the record that on March 11, 1909, Romig executed a declaration of trust in favor of Emma C. Bergdoll, which was recorded November 29, 1912. In the meantime judgment had been obtained against Romig on September 11, 1912. While the recording Acts of May 25, 1878, P. L. 151, and May 19, 1893, P. L. 108, protect subsequent innocent purchasers or mortgagees, they do not protect judgment-creditors. In the Act of 1893 the words "any creditor of the grantor" appear, but it was pointed out in Davey v. Ruffel, 162 Pa. 443, that these words are inoperative, as no method is provided by which creditors may place themselves upon the record in advance of a deed or mortgage.

A judgment-creditor is not entitled to the protection of a purchaser of the legal title, against an equitable owner: Sill v. Swackhammer, 103 Pa. 7; Reed's App., 13 Pa. 476. The Act of June 4, 1901, changed the law with respect to a resulting trust arising in connection with real property by reason of the payment of purchase-money, by extending protection to judgment-creditors: Rochester Trust Company v. White, 243 Pa. 469. But the change applied to one class only of resulting trusts to which express reference was made in the act. In the

present case, the court below was undoubtedly right in holding that the title of the defendant, Emma C. Bergdoll, was not affected by the judgment obtained against Romig. Her title was acquired by the execution of the declaration of trust more than· three years prior to the judgment, and she was not precluded from defending in this action.

The assignment of error is overruled, and the judgment is affirmed.