Sadtler *v.* Home Pattern Co., Appellant.

Argued December 4, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*W. James MacIntosh,* with him *Howard H. Rapp,* for appellant.

*Robert H. Agnew,* with him *John Hemphill,* of *Hemphill & Brewster,* for appellee.

OPINION BY MR. JUSTICE MAXEY, January 26, 1931:

This is an appeal from the judgment of the Court of Common Pleas No. 5 of the County of Philadelphia awarding a decree of distribution. The appellee was the owner of certain letters patent from the United States Government granting her the right to manufacture, use and sell certain dress patterns. Subsequently, by agreement in writing between the appellant and the appellee, the appellant was granted the sole and exclusive right to manufacture, use and sell the patterns, and also the further right to purchase certain booklets compiled by the appellee, which booklet was used to promote the sale of the patterns. By the terms of the contract, appellant was to pay to the appellee a royalty of ten cents on gross sales received by it from the sales of the patterns and a royalty of two and one-half cents upon each booklet sold by the appellant. The contract was made February 20, 1920, and the appellant thereupon began the manufacture and sale of the patterns and booklets. At the time of the execution of this contract, the appellant manufactured other dress patterns which were unrelated to the patterns constituting the subject of this contract. The appellant kept no accurate account of the patterns it sold under the contract, but in its bookkeeping combined the sales of all its patterns, including those sold under the contract in question and those sold under other unrelated contracts. For a considerable period, the appellant paid the appellee certain payments weekly; first $20; later, $10; on January 12, 1926, it made a cash payment of $56.29. Since that time, it has paid the appellee nothing, and thereupon the appellee brought suit. The matter was

referred to an auditor by the Court of Common Pleas No. 5 of Philadelphia County. The auditor held numerous meetings, and the testimony taken discloses that no accurate account for the number of patterns manufactured and sold by the appellant under and by virtue of the agreement with appellee was kept by it. The auditor had great difficulty in arriving at any satisfactory conclusion. We feel that under the handicaps which presented themselves he did substantial justice by the parties.

The defendant's claims for credit cannot be allowed, for no competent evidence was produced to sustain them. Exceptions were filed to the report of the auditor, and these exceptions were dismissed by the court, and the report was confirmed, MARTIN, P. J., filing the opinion. From the judgment of the court, the present appeal is taken. There has been nothing presented which convinces us that there should be any disturbance of the findings of the auditor which were duly confirmed by the court. The findings of an auditor confirmed by the court below will not be disturbed in the absence of convincing error: Hartnett Co. v. Poultry Fancier Publishing Co., 262 Pa. 103.

The judgment of the court below is affirmed.