## Lackawanna Thrift & Loan Corp. v. Sanderson

J. R. McCormick, for petitioner.
Saverio Rosato, for respondent.

LEACH, P. J., September 15, 1937.—Plaintiffs levied on judgment note given by defendant, Thomas Sanderson, and levied upon land now owned by Celia Sanderson, mother of Thomas Sanderson. It appears from the petition that Thomas Sanderson had obtained a deed from Celia Sanderson by fraud. During the time that Thomas Sanderson held the title he obtained a loan from plaintiff, upon which judgment was entered. Thereafter Celia

Sanderson by proceedings in equity had the deed canceled and resumed possession of the property. The execution was issued against Thomas Sanderson and the property owned by Celia Sanderson was the subject of this levy.

It appears that judgment creditors are not within the protection of the recording acts: Rubinsky v. Kosh, Guardian, et al., 296 Pa. 285, and cases there cited.

Prior to the Act of June 4, 1901, P. L. 425, a judgment bound only the interest the debtor actually had in real estate standing in his name. This act changed the law, and in the situation specified by it extended protection to a bona-fide judgment creditor who had in good faith and without notice acquired a judgment against the holder of the legal title. The statute has been strictly construed, however, and its application is limited to the single case arising by reason of the payment of the purchase money by one person and the taking or making of the legal title in the name of another: Loughney, Receiver, v. Page, 320 Pa. 508, 511.

In the case at bar defendant, Thomas Sanderson, had no interest in the property, it having been obtained by fraud.

Now, September 15, 1937, the rule to set aside the levy is made absolute.