**UNITED STATES v. SIPLER et al.**

Civ. No. 3525.

United States District Court
M. D. Pennsylvania.

Jan. 11, 1951.

Harry P. O'Neill, Jr., Scranton, Pa., M. S. DePierro, Freeland, Pa., for petitioners.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., for respondent.

WATSON, Chief Judge.

This is a petition by the Defendants to open a judgment entered in favor of the Plaintiff and to be let into a defense.

Plaintiff's judgment is founded upon a negotiable judgment note, executed and signed by the Defendants, Oscar Sipler and Monema Sipler, on September 12, 1941, and payable to Essex Home Improvement Company.

By the terms of the judgment note, the Defendants promised to pay to the order of Essex Home Improvement Company the sum of Eight Hundred and Ninety Six Dollars and Eighty Four Cents, payable in thirty-six monthly installments of Twenty-four Dollars and Ninety-Two Cents each, the first payable November 12, 1941, with

interest from maturity at the rate of six per centum per annum. The note also contains a power of attorney to confess judgment for the entire unpaid amount upon default.

The aforesaid note was thereafter negotiated by the Essex Home Improvement Company for consideration to Myler F. Kelly Co. The Myler F. Kelly Co. negotiated, for consideration, to the Rutherford National Bank. The Rutherford National Bank assigned all its right, title, and interest in the note to the United States of America, Plaintiff herein, on September 9, 1942.

Defendants defaulted in payment of principal due and the Plaintiff declared the entire indebtedness thereunder due and payable. Defendants failed to pay any part of the balance due on said note to the Plaintiff, and the Plaintiff caused judgment to be entered on August 18, 1949, against the Defendants, and in favor of the Plaintiff, for the unpaid balance, in the sum of Seven Hundred and Twenty-nine Dollars and Forty-five Cents, and accrued interest and costs.

The opening of a judgment rests within the Court's discretion to be exercised in conformity with law, reason and justice, but cautiously and discreetly. Peters v. Mutual Life Insurance Co. of N. Y., D.C., 17 F.Supp, 246, 247. The existence of a just, meritorious, sufficient and valid defense to the original cause of action on which a judgment is entered is a prerequisite to the opening of a judgment.

Petitioners' motion to open the judgment must turn on (1) whether the claim of the United States of America is or can be barred by the statute of limitations or laches, (2) whether the defense of fraud is available in an action on a note brought by a third party who derives his title from a holder in due course, and (3) whether part payment to the payee without knowledge that the note had been negotiated to another is a defense to an action on the note by a third party who derives his title from a holder in due course.

It is well settled that the United States of America is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283. The fact that the statute of limitations had commenced to run before the United States of America acquired the note does not change the rule which rests upon public policy of protecting the revenues and property of the United States. United States v. Dobbins, 5 Cir., 139 F.2d 169.

The Petitioners' allegations as to fraud on the part of the payee of the note are vague and indefinite. Even if the defense of fraud as against the payee had been clearly set forth, it would fail as against the Plaintiff here, which had succeeded to all the rights of a holder in due course, without any notice or knowledge of any fraud. Sections 52, 56, 57, 58 and 59, Act of 1901, May 16, P.L. 194, ch. I, art. IV, 56 P.S. §§ 132, 136–139, The Pennsylvania Negotiable Instruments Law.

Petitioners contend that if any balance is due on the note it is only One Hundred Forty Dollars and not Seven Hundred and Twenty-nine Dollars and Forty-five Cents, plus interest. Petitioners contend that payments amounting to Six Hundred and Fifty Dollars were made by check prior to maturity to William Langsen, proprietor of the Essex Home Improvement Company, without knowledge that the Essex Home Improvement Company had negotiated the note to a third party.

Payment to the payee of a negotiable instrument when title and possession of the instrument has passed to another before maturity is no defense to the payment of the instrument in the hands of an indorsee. In re Harbaugh's Estate, 320 Pa. 209, 182 A. 394. And the fact that the Defendants had no notice of the transfer of the title of the note before payments were made to the payee is no defense.

Petitioners have failed to establish a just, meritorious, and sufficient and valid defense to the original cause of action on which the judgment was entered. An appropriate order will be filed dismissing Petitioners' Motion to Open the Judgment.

### Order.

Now, January 11, 1951, it is ordered that Petitioners' Motion to Open Judgment entered on August 18, 1949, against the Petitioners for Seven Hundred and Twenty-nine Dollars and Forty-five cents, with interest and costs, be, and it hereby is dismissed.