### In re HIGHWOOD CEMETERY ASS'N.
### No. 21412.

United States District Court
W. D. Pennsylvania.
Dec. 18, 1953.

Clyde E. Donaldson, Pittsburgh, Pa., for trustee.

Anne X. Alpern, Pittsburgh, Pa., for City of Pittsburgh.

Mortimer B. Lesher, Pittsburgh, Pa., for School Dist. of City of Pittsburgh.

Nathaniel K. Beck, Pittsburgh, Pa., for Allegheny County.

GOURLEY, Chief Judge.

This matter comes before the court on a petition for rule to show cause why the taxing authorities of the City of Pittsburgh, County of Allegheny, and Board of Education of the City of Pittsburgh should not be allowed their respective claims for realty taxes assessed and levied against divers parcels of land which are claimed to be owned by the Highwood Cemetery Association, debtor in reorganization.

The Highwood Cemetery Association, a nonprofit corporation, was incorporated on December 19, 1912, for the purpose of operating and maintaining a public cemetery for the burial of the dead.

The directors of said Cemetery Association being of the opinion that certain lots were necessary for the uses and purposes of the Association, authorized its secretary, William B. Jones, to purchase on behalf of the Cemetery Association, Lots numbered 117 to 130, inclusive, 150 and 151, and Lots 143 to 145 inclusive, in the Elizabeth Kreiling Plan, 26th Ward, City of Pittsburgh, Allegheny County, Pennsylvania, adjacent to the then westerly boundary of the cemetery. Pursuant to said authority, the secretary, William B. Jones, purchased said lots, during the years 1926–27–28 using the funds of the Cemetery Association to pay for them.

However, the secretary, William B. Jones, without authority from the Association, purchased these lots for himself individually, taking title in his own separate name without any mention in the deeds that he was holding the same in trust for his employer, the nonprofit Cemetery Association.

From and after the recording of the deeds to William B. Jones, the County of Allegheny, the City of Pittsburgh, and the Board of Public Education of the School District of Pittsburgh have assessed and levied realty taxes against these lots.

The nonprofit Cemetery Corporation filed its voluntary petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., on April 13, 1943. Upon discovery that the title to these nineteen lots was in the name of William B. Jones, the trustee compelled the secretary, William B. Jones, to convey these nineteen lots to the Cemetery Association, which was accomplished on November 5, 1943, by deed duly recorded.

The issue of law posed is whether a taxing authority can tax the realty of a nonprofit cemetery corporation in Pennsylvania, where such property was purchased by an officer of the nonprofit cemetery corporation, who was authorized to purchase the same for the cemetery and used funds of the cemetery appropriated for that purpose, but purchased the property for himself individually, and took title in his own separate name.

The taxing authorities rely upon the following provision of law to sustain their position:

"Whenever hereafter a *resulting trust* shall arise with respect to real

property, by reason of the payment of the purchase money by one person, and the taking or making of a legal title in the name of another, if the person advancing the purchase money has the capacity to contract, such resulting trusts shall be void and of non effect as to bona fide judgment or other creditors or mortgagees of the holder of the legal title, or purchasers from such holder without notice unless either (1) a declaration of trust in writing has been executed and acknowledged by the holder of the legal title, and recorded in the recorder's office of the county where the land is situated, or (2) unless an action of ejectment has been begun, in the proper county, by the person advancing the money, against the holder of the legal title." (Emphasis supplied.) Act of 1901, P.L. 425, 21 Pa.P.S. § 601.

It is contended that even though the purchase money was paid by the Cemetery Association, no declaration of trust was executed and recorded as required by the quoted Act of Assembly.

The American Law Institute Restatement of Restitution, defines "resulting trust" as follows:

"A resulting trust arises where a transfer of property is made under circumstances which raise an inference that the person making the transfer or causing it to be made did not intend the transferee to have the beneficial interest in the property transferred." Restatement of Restitution, § 160, page 642.

In the instant case, the Cemetery Association authorized the purchase, but it was the Secretary's own idea to take title in his own name without authority to do so.

On the other hand, a constructive trust is defined as follows:

"Where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it, a constructive trust arises." Restatement of Restitution, § 160, page 640.

It is my judgment that the facts in the case at bar created a constructive trust. The secretary certainly retained a fiduciary relationship to the Cemetery, and its furnishing the funds and authorizing him to purchase the lots in question created a duty on his part to do so. It is further conceded that he purchased these lots in his own name individually, and so held them until the trustee discovered the situation and demanded that he convey them over to the Cemetery.

Upon an examination of the law enunciated by the appellate courts of Pennsylvania, the Act of 1901, supra, appears to have application only to resulting trusts, and not constructive trusts. Rosa v. Hummel, 252 Pa. 578, 97 A. 942; Loughney v. Page, 320 Pa. 508, 182 A. 700; Casari v. Victoria Amusement Ent., Inc., 327 Pa. 382, 194 A. 503; Hemminger v. Leidigh, 21 Pa.Dist. & Co. 287; A. B. Dick Company v. Third National Bank, 17 Pa.Dist. & Co. 549.

Since it thus appears that the facts in the case at bar constitute a constructive trust, and that the requirements of a declaration of trust and recording thereof as embraced in the Act of 1901 is not applicable thereto, I must necessarily conclude that the realty in question was held in trust for the Highwood Cemetery Association, a nonprofit corporation, and, therefore, was tax exempt.

Since the claims of the taxing authorities for realty tax should be disallowed and refused against the nonprofit Cemetery Association, petitioners' rule to show cause will be made absolute.

An appropriate order is entered.