**In the Matter of HIGHWOOD CEME-
TERY ASSOCIATION, Debtor.
No. 21412.**

United States District Court
W. D. Pennsylvania.
July 18, 1955.

Clyde E. Donaldson, Pittsburgh, Pa.,
for trustee.

J. Frank McKenna, Jr., Pittsburgh,
Pa., for City of Pittsburgh.

Mortimer B. Lesher, Pittsburgh, Pa.,
for School District.

Nathaniel Beck, Pittsburgh, Pa., for
County.

GOURLEY, Chief Judge.

This is a petition on the part of the
taxing authorities of the City of Pitts-
burgh, the Board of Education of the
City of Pittsburgh, and County of Al-
legheny to reopen a judgment of this
court disallowing divers tax claims
against the Highwood Cemetery Associ-
ation. Rules 59, 60 of Federal Rules of
Civil Procedure, 28 U.S.C.A.

The judgment of the court was prem-
ised upon the conclusion that certain lots
of ground purchased in the name of the
secretary of the Association were never-
theless acquired by funds of and held in
behalf of the non-profit cemetery associ-
tion. It was ruled that the evidence sus-
tained the finding of a constructive trust,
which obviated the requirement of re-
cording under provision of Pennsylvania
law. 21 P.S.Pa. § 601; In the Matter
of Highwood Cemetery Association,
Debtor, 116 F.Supp. 898.

The taxing authorities base their pe-
tition on the ground that they now have
certain "newly discovered evidence"
which should have been considered at
the time that their claims were adjudi-
cated on December 18, 1953.

The alleged newly discovered evidence
in the case at bar consists of a pleading
filed in 1944, in the Court of Common
Pleas of Allegheny County, Pennsylva-

nia, in an equity suit brought by the bankrupt against the instant tax claimants to enjoin their collection of the tax claims. A copy of the pleading in question, now offered as "newly discovered evidence" was served upon the Office of Solicitor of each of the tax claimants approximately nine years prior to the hearing before this court on December 7, 1953. Tax claimants undoubtedly were aware of the existence of this pleading in view of the fact that they filed a joint answer to it in the equity suit in the state court, denying the allegations of fact which they now seek to advance as after-discovered evidence.

While an appeal was pending from the adjudication of this court, a similar petition, likewise requesting that the instant case be re-opened in order to allow consideration of the alleged newly discovered evidence, was presented to the United States Court of Appeals for the Third Circuit. By order of November 17, 1954, that court refused to remand the record.[1]

Whereupon, the municipal tax claimants withdrew their appeal to the United States Court of Appeals, and have renewed their request before this court.

In view of the conclusive ruling by the United States Court of Appeals for the Third Circuit on a similar petition, I cannot help but conclude that the order of the Circuit Court is res adjudicata as to the proceeding before this court.

But even assuming that the defense of res adjudicata were inapplicable, it is my judgment that the proffered evidence is not "newly discovered evidence" to justify the re-opening of a matter already adjudicated.

The information was in the possession of claimants for over nine years, as evidenced by their own pleadings before the state court, and, if pertinent, by the exercise of reasonable diligence could have been presented at time of trial.

To warrant the granting of a reopening on ground of newly discovered evidence, the evidence must in fact be newly discovered since trial, and facts must be alleged from which the court may infer diligence on the part of the movant. United States v. Rutkin, 3 Cir., 208 F.2d 647.

Finally, it is my judgment that the introduction of the alleged after-discovered evidence could in no way influence or materially alter the judgment of this court. The proffered evidence consists of a carbon copy of a letter supposed to have been written by the secretary of the bankrupt to its attorney in 1926. This carbon copy was found among private papers of the secretary who had departed and never had been heard from since.

There is no evidence of record to show that the letter had ever been sent or received. The trustee, because of his fiduciary capacity and the limited knowledge of the affairs of the cemetery, nevertheless introduced allegations as to such a letter into the pleadings in the state court, supposing that the writer of what might have been such a letter would be available later as a witness in the state court.

Accordingly, the admissibility of this document is at best extremely dubious in view of the fact that no evidence exists to prove that the letter was ever signed by the person taking title to the realty in question, nor does proof exist that the letter was ever mailed or delivered to the alleged addressee.

---

1. "And Now, to wit, this 17th day of November, 1954, it is Ordered, that the motion of the County of Allegheny, City of Pittsburgh, and School District of the City of Pittsburgh, to remand the record in this appeal to the United States District Court for the Western District of Pennsylvania in order to admit further evidence into the record, the evidence being a formal pleading filed in the Court of Common Pleas of Allegheny County at No. 2479, July Term, 1944, be and the same hereby is denied.

"By the Court,

"Biggs, Chief Judge"

Petition to re-open judgment of this court disallowing divers tax claims against the Highwood Cemetery Association dated December 18, 1953 will be refused.

An appropriate order is entered.