ULISES MARTÍNEZ, Petitioner, v. SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, JOSÉ M. CALDERÓN, JR., JUDGE, Respondent; ENA ELBA, ANA AIDA and LULÚ ESPÉNDEZ ET AL., Interveners.

No. 2559. Decided August 31, 1961.

---

346

*Edelmiro Martínez Rivera* and *Edelmiro Martínez, Jr.* for petitioner. *Aldo Segurola de Diego* and *Héctor González Blanes* for interveners. *Juan L. Cruz Rosario* and *Adán E. Montalvo* for Ernesto Espéndez.

Division composed of Mr. Justice Santana Becerra, as Chief Judge of Division, and Mr. Justice Rigau and Mr. Justice Dávila.

Mr. Justice Santana Becerra delivered the opinion of the Court.

On January 23, 1959, we rendered judgment in appeal No. 11896, *Ex parte Ana Aida Espéndez Pericás et al.,* petitioners, on Judicial Administration—Special incident of claim by Ulises Martínez, petitioner—affirming, on the basis of the facts appearing in the record, the judgment rendered in that proceeding by the San Juan Part of the Superior Court on August 27, 1954, disallowing a claim for $15,000 made by Martínez against the heirs.

On the same date of January 23, 1959, we entered the following order based on the facts therein set forth:

"The respective briefs having been filed in this case, the petitioner moved for a hearing on December 20, 1956. The hearing was set on September 29, 1958, and notice was served on the parties that it would be held on October 16, 1958. On October 2, 1958, the petitioner filed a motion entitled 'Special Motion,' informing the Court of the facts bearing on this case which appear in the sworn statements of Santiago Antonio Zayas and Eulalia Villafañe made on September 16, 1957, before Notary Jorge Benítez Gauthier, which were attached to the

said 'Special Motion.' The appellee, in a motion filed on October 7, 1958, moved to strike out and disregard those sworn statements on the ground that they did not form part of the record and that the Superior Court had not passed upon them.

"In view of the record on review as sent to us and the evidence which the Superior Court, San Juan Part, had under consideration, and in view of Rule 49.2 of the Rules of Civil Procedure, we have on this date affirmed the judgment rendered because in our opinion it is correct. On the other hand, in view of the nature of the facts set out in the said sworn statements, the Fiscal of this Court is hereby ordered to conduct an investigation of the facts in all their aspects and to submit a report of said investigation, for which a period of 30 days is granted from the date of notice hereof."

On June 18, 1959, Ulises Martínez appeared before the trial court and filed a motion under Rule 49.2 of the Rules of Civil Procedure, praying to be relieved from the judgment entered against him on August 27, 1954. In that motion he transcribed verbatim the judgment rendered by this Court as well as the order transcribed above, and the two sworn statements mentioned in the order. He specifically alleged fraud and deceit to the trial court through the preparation, use, and presentation at the hearing of the case of false evidence obtained by the adverse party by means of bribery and instigation to commit perjury, and that the party conspired to carry out, and did carry out, a scheme to deprive the petitioner illegally of his rights as creditor. He further alleged that the "spurious evidence" prepared and offered by the party in whose favor the judgment of August 27, 1954 was rendered, was admitted and believed by the court against his claim. The petitioner moved the trial court to determine *"whether it was willing,"* on the basis of the facts stated, to relieve him from the effects of the judgment.

On June 25, 1959, the order of this Court was filed in the trial court. On June 26, without hearing the parties, the trial court entered the following order:

"The record of this case having been examined, and considering the motion filed by Ulises Martínez under Rule 49.2 of the Rules of Civil Procedure and the objection raised by heir Ernesto Espéndez Ruiz and the order of the Hon. Supreme Court affirming the judgment rendered by this court on August 27, 1954, the motion made by the said Ulises Martínez is hereby denied. Let it be notified.—Given at San Juan, P. R., this 26th day of June 1959." [1]

A motion for reconsideration was flatly denied.

In the petition for certiorari before this Court the petitioner maintains (1) that the flat denial of the motion under Rule 49.2, i. e., without holding a hearing, constituted a clear abuse of discretion; (2) that Rule 49.2 does not fix the time nor in any way limits the power of the Superior Court to entertain and pass upon a motion to relieve a party from the effects of a judgment for fraud upon the court; and (3) that even though the period of six months were applied to a motion under Rule 49.2 based on fraud upon the court, the period in this case would begin to run from the judgment rendered on appeal. In view of these contentions which involve an interpretation of that rule, we issued certiorari.

Rule 49.2 of the Rules of Civil Procedure—32 L.P.R.A., 1960 Cum. Supp., p. 141—in its pertinent part (we will take up later its last paragraph) provides as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a judgment, order, or proceeding for the following reasons:

"(1) Mistake, inadvertence, surprise, or excusable neglect;

"(2) Newly discovered essential evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 48;

"(3) Fraud (whether heretofore denominated intrinsic and also that denominated extrinsic), misrepresentation, or other misconduct of an adverse party;

---

[1] The objection referred to in the order transcribed merely states that heir Ernesto Espéndez Ruiz "objects to the motion filed by claimant Ulises Martínez;" without stating any ground.

"(4) The judgment is void;

"(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

"(6) Any other reason justifying relief from the operation of the judgment.

"The provisions of this rule do not apply to judgments in divorce suits, unless the motion is based on reasons (3) or (4). *The motion shall be made within a reasonable period and in any case not more than six months after the judgment, order or proceeding was entered or taken.* A motion under Rule 49.2 does not affect the finality of a judgment or suspend its operation. *This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding or to grant relief to a party not actually notified, or to set aside a judgment for fraud upon the court."* [2]  (Italics ours.)

■■ As a procedural question, the trial court erred in dismissing the motion without holding a hearing for the parties. It is evident, from an examination of the six grounds on which a motion to set aside a judgment may be made, that it is indispensable that the parties be heard before passing upon a motion, see *Roca* v. *Thomson*, 77 P.R.R. 396, 409, particularly the motion made in this case in which by the nature of the allegations, the hearing of evidence was absolutely necessary. Under Rule 3 of the Rules of Administration for the Court of First Instance, 4 L.P.R.A., App. II,

---

[2] The question for decision in this case hinges on the italicized portion. Like the other Rules of Civil Procedure, Rule 49.2 stems from and is substantially patterned upon Rule 60 (b) of the Federal Rules of Civil Procedure, as amended in 1946. Since it would be impossible, Federal Rule 60 (b) omits the portion bearing on divorce suits, and, unlike our Rule, it provides that a motion for the reasons under numbers (1), (2), and (3) may not be made after the expiration of the one-year period, and does not fix maximum term for a motion on grounds (4), (5), and (6). Our Rule provides a maximum term of six months in all cases. Another difference is that Rule 49.2 omits the concluding sentence of Rule 60 (b) referring to abolishment, made to clarify the federal doctrine of the old ancillary common law and equitable remedies, coram nobis, coram vobis, audita querela, bills of review, etc.

p. 956, the motion should have been automatically entered on the calendar for *hearings* of motions. See Rule 62.2 of the Rules of Civil Procedure, 32 L.P.R.A., 1960 Cum. Supp., p. 160. Even though the trial court was under the belief that at law it was without power to act, an interpretation of the Rule itself was necessary, as we shall see later, pursuant to which the court should have heard the parties before passing upon the motion.

We will consider the merits of the procedural problem which is the only one with which we are concerned at present, since we will not pass on the merits of the motion itself as to whether or not the petitioner should be relieved from the judgment rendered against him.

The trial court did not state the grounds for denying the motion. Although ordinarily the question of whether or not to grant relief from a judgment under that Rule rests on a sound judicial discretion, always aimed at doing justice, it is hard to believe that the denial was based on the merits thereof without having heard any evidence. Since it is alleged that fraud was perpetrated upon the court by the conduct of the adverse party out of record, the granting or denial of the relief sought depended on the law rather than on a whimsical discretion or mere will of the judge. The motion posed a justiciable controversy which could only be decided by the ordinary guarantees of an adversary proceeding, the duty to hear and weigh the evidence, to determine the conflicts of evidence, to pass upon the credibility of the witnesses, and to form a sound judgment of the facts proved.[3]

---

[3] *Universal Oil Co.* v. *Root Rfg. Co.*, 328 U.S. 575, 580; *cf. Root Refining Co.* v. *Universal Oil Products Co.*, 169 F.2d 514 (C.A. 3), *cert. den.*, 335 U.S. 912; *Parker* v. *Checker Taxi Co.*, 238 F.2d 241 (C.A. 7), *cert. den.* 353 U.S. 922; *Consolidated Gas Equipment Co., etc.* v. *Carver*, 257 F.2d 111 (C.A. 10); *Cuthill* v. *Ortman-Miller Machine Co.*, 249 F.2d 43 (C.A. 7), *cert. den.* 356 U.S. 919; *Federal Deposit Insurance Corp.* v. *Alker*, 234 F.2d 113 (C.A. 3). *United States* v. *Sipler*, 94 F. Supp. 987, *aff'd* 191 F.2d 816 (C.A. 3), *cf. Hazel-Atlas Co.* v. *Hartford Co.*, 322 U.S. 238.

We are rather inclined to believe that the trial court considered that it was without power to entertain the matter and disposed of it without considering the same on the merits. Some of the facts appearing from the record enable us to envisage the situation in that light. In the motion for reconsideration, which was also denied flatly, the petitioner referred, for reasons which do not appear from the record, to "the interpretation" by the court to the effect that the motion had been untimely filed, and then discussed that part of the rule which reserves the court's power in such cases. The interveners argue before this Court the question in issue also in terms of the six months' period provided by the rule, alleging that the relief would be an independent action. The judgment of the trial court implies that it could have taken into consideration the additional fact that the judgment had been affirmed by this Court. We shall deal with this last aspect further in the opinion.

The provision of Rule 49.2 to the effect that it "does not limit the power of a court to entertain an independent action *to* relieve a party from a judgment, order, or proceeding, or *to* grant relief to a party not actually notified, or *to* set aside a judgment for fraud upon the court," is a translation or interpolation of the corresponding provision contained in Federal Rule 60(b), when amended in 1946.[4]

In the last analysis, the question narrows down to a determination of whether the said provision must be read and construed in the sense that the rule does not limit the court's power to entertain an independent action for the purpose: of relieving a party from a judgment, order, or proceeding, or of granting a relief to a party not actually notified, or of setting aside a judgment for fraud upon the court, in which case, if such interpretation were correct, the interveners

[4] "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually notified [as provided in Title 28, U.S.C., § 1655], or to set aside a judgment for fraud upon the court." Rule 60(b), 28 U.S.C.A. 121–22 (1960).

would be right, or, on the contrary, whether that provision is to be read and construed in the sense that the rule does not limit the court's power: to entertain an independent action for the purpose of . . . etc.; granting a relief to a party not actually notified, nor setting aside a judgment for fraud upon the court. Grammatically, the correct interpretation ought to be the latter. However, there is a stronger reason which requires that it be so, such as the origin and history of the rule and the interpretation placed upon it by the courts and other authorities.

Federal Rule 60(b), as promulgated in 1938, provided that it *did not limit* "the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding, or (2) to set aside within one year . . . a judgment obtained against a defendant not personally notified." Rule 60(b) of our Rules of Civil Procedure, promulgated in 1943, contained a similar provision. When considering the 1946 amendments to the federal rule, in its second draft of May 1945, the Advisory Committee submitted the following text: "This rule does not limit the power of a court (1) to entertain an *independent* action to relieve a party from a judgment, order, or proceeding, or (2) to set aside within one year . . . a judgment obtained against a defendant not actually personally notified, or (3) to set aside a judgment for fraud upon the court."

The text finally adopted and promulgated in March 1948, preserved identical order of exposition, except for the elimination of numbers 1, 2 and 3, in parenthesis. In the report accompanying the proposal, the Advisory Committee stated that the amendment settled the problem by making fraud an express ground for relief by motion; that under the first saving clause, fraud could be invoked as a basis for relief by independent action insofar as the established doctrine permitted; and that the rule did not limit the power of the court, when fraud had been perpetrated upon it, to give relief under

the third saving clause.[5]  Texwriter Moore supports the interpretation we have followed.  As may be seen, says Moore, that provision states three instances when the power of a court is not limited by the amended rule, and states: "(1) The power of a court 'to entertain an *independent* action to relieve a party from a judgment, order, or proceeding' is not limited ... (2) Another power of the court which is not limited by 60 (b) is 'to grant relief to a defendant not actually personally notified as provided in Title 28 U.S.C., § 1655.' ... (3) The third power of the court which is not limited by 60 (b) is 'to set aside a judgment for fraud upon the court.' ... [3, 4] There is, then, no maximum limitation when fraud upon the court is involved, as there is upon a motion for relief from fraud in general under 60 (b) (3), which is subject to a maximum time limitation of one year."  (According to our rule, it would be six months.)[6]  Barron & Holt-

---

[5] 7 Moore, Federal Practice 205–09 (2d ed.); 28 U.S.C.A. 124, Rule 60 (1960).

[6] 7 Moore, *op cit.* at 220–22.  In his elaborate discussion of Rule 60 (b) bearing on the different aspects of its operation, Moore repeatedly maintains that the rule does not fix any time limit upon the court's power to set aside a judgment for fraud upon the court.  See 6 *op. cit.* at 4006, 4018, 4039; Vol. 7 at 67, 68, 89–90 ("A court has *inherent power* to set aside a judgment for fraud practiced upon it, and amended Rule 60 (b) states that it does not limit the power of a court so to do ... And, it will be recalled that the amended Rule 60 (b) *also recognizes* the inherent power of a court to give relief because of fraud practiced upon it."); pp. 202, 246–47 ("And since Rule 60 (b) also does not limit the power of the court to set aside a judgment for fraud upon the court, and this power is not subject to any fixed time limit, the distinction between intrinsic and extrinsic fraud may have some importance in that connection."); pp. 250, 252–53, 255 ("The provision in 60 (b) that the rule does not limit the power of a court to set aside a judgment for fraud upon it does not detract from 60 (b) (3); it recognizes and additional or *cumulative* power.")  See specific discussion on the third saving clause dealing with fraud upon the court at pp. 504–13.

The inherent power of the federal courts, whether of their own initiative or at the instance of an interested or affected party, to purge their records and judgments for fraud upon the court without provision of law and without fixed time limit, has been so unquestionably established by the federal authorities as to render superfluous the citation of cases. It is well to mention, because of the origin, that California also recognizes that inherent power of its courts.  (Cases in footnote 8.)  Hence, in ex-

zoff [7] hold the same view. California's § 473 of Procedure upon which Federal Rule 60 (b) was based, provides that the six months' period prescribed in that section has no application in the case of a petition for relief from a judgment for fraud upon the court.[8]

Let us examine the second procedural aspect involved in this case. The last paragraph of Rule 49.2 provides as follows:

"During the pendency of an appeal from a judgment the court below may not grant a relief under Rule 49.2 except with leave of the appellate court. After judgment is entered by the appellate court, no relief may be granted under Rule 49.2 which is not consistent with the mandate unless leave is first obtained therefor from the appellate court. In both cases the motion for relief shall always be made in the court below, *within the aforesaid period,* and if the court below signifies its willingness to grant the relief, application for such leave shall then be made to the appellate court." (Italics ours.)

Federal Rule 60 (b) does not contain a similar provision in express terms. Neither did our Advisory Committee include it in the proposed rule which it submitted in 1954. However, the above-transcribed provision merely codifies in the body of Rule 49.2, under the general principle that, where a case has been appealed the trial court loses its jurisdiction

pressly referring to fraud, of any class or type, in the 1946 amendment, (60(b)(3) [49.2(3)], the relief being subject to one-year limitation (six months in Puerto Rico), the rule also recognized and expressly preserved, without time limit, that historical inherent power as to fraud upon the court. However, if relief is sought after the expiration of the term fixed in subdivision 3, it is necessary to prove those facts which characterize particularly the fraud upon the court, ordinarily considered so far as extrinsic fraud, whether action is taken either by motion under the said rule or by an independent action,

[7] 3 Barron and Holtzoff, Federal Practice and Procedure 391, 408, 423, 432 (Rules Ed., Rev.).

[8] *McGuinness* v. *Superior Court,* 237 Pac. 42; *Nealis* v. *Carlson,* 219 P.2d 56; *Kronman* v. *Kronman,* 18 P.2d 712; *Rice* v. *Rice,* 209 P.2d 662; *Williams* v. *Reed,* 185 Pac. 515; *Deyl* v. *Deyl,* 199 P.2d 424; *Rhea* v. *Millsap,* 156 P.2d 941; *Kasparian et al.* v. *Kasparian et al.,* 23 P.2d 802; *Daut* v. *Daut,* 220 P.2d 63; *Rivieccio* v. *Bothan,* 165 P.2d 677; *Chiarodit* v. *Chiarodit,* 21 P.2d 562.

over the judgment itself, the rule prevailing in the federal jurisdiction in the sense that, the appeal being pending, the trial court is without power to grant relief under this rule without obtaining leave from the appellate court, and the rule also prevailing that the appeal having been settled the trial court is without power to grant a relief under this rule which may be incompatible with the order, without such leave.[9]

But where the criterion is not unanimous and some appellate courts are at variance is as to the manner of obtaining the leave. In some cases the appellate court takes it upon itself to determine whether the motion is meritorious and remands the case to the trial court if the appeal is pending. In other cases it has been conceded that the trial court should take cognizance of the matter in the first instance and, if it signifies its willingness to grant the relief, resort is had to the appellate court for obtaining the leave. We also disposed of this aspect by express provision of Rule 49.2, and we adopted perhaps the most practical means, since such motions ordinarily require the hearing of evidence and other proceedings for which the trial court is in a better position than the appellate court. Thus, we provided that whenever an appeal is pending as well as when it has been settled, the motion for relief must always be filed in the trial court

---

[9] In 1954 an amendment was proposed to Rule 60(b) to the effect that leave to make the motion need not be obtained from the appellate court, even though the judgment has been affirmed or settled on appeal. The Advisory Committee recommended the proposal arguing that such leave was a useless and dilatory formalism, since the appellate court can not know whether the requirements are met without a full record which must be made in the trial court. In the final report of October 1955, the amendment proposed that it would not be necessary to obtain leave from the appellate court, except during such time as an appeal from the judgment is actually pending before such court. The Committee made a similar recommendation as to appeals already settled. However, the United States Supreme Court did not adopt the proposed amendment which, if it had been adopted, would have altered the prevailing doctrine. See Moore, *op. cit.*, Vol. 6, 1960 Cum. Supp., 335–40, 907; Barron and Holtzoff, *op. cit.* at 433–38.

and, if the latter should signify its willingness to grant relief, application for such leave shall then be made to the appellate court. The trial court having signified its willingness, the granting of leave, except in very exceptional situations, should be rather a question of procedure.

In the case under consideration it is necessary to decide a further point in connection with the leave, since the rule provides that in both instances the motion for relief must be filed in the trial court *"within the aforesaid period,"* which is the six months' period counted from the entry of the judgment or order. This was undoubtedly due to the fact that our rule prescribed such maximum period to seek relief thereunder. It being decided in this appeal that the six months' period does not limit an application for relief under this rule from the effects of a judgment for fraud upon the court, the limitation of such period in the previous provision of the rule bearing on judgments appealed from would not be applicable either to cases such as the one under consideration or to those for which there is no time limit.

According to the facts alleged in the motion made in this case and those appearing from the sworn statements transcribed therein, the order appealed from should be set aside for the procedural reasons on which it could have been based. We will not advance any criterion, but will leave to the trial court the determination of whether or not the facts alleged, if found proved, constitute the rules of law applicable to fraud upon the court.

In view of what we said in our order of January 23, 1959 as to the affirmance of the judgment in connection with Rule 49.2 of the Rules of Civil Procedure, and in order to obviate unnecessary proceedings, it is hereby provided, in remanding the case, that if the trial court determined that it is willing, upon entertaining the matter on the merits, to grant the relief sought, it should proceed to decide the question definitively as if it had obtained leave of this Court.

The foregoing in no way prejudges the merits of the case nor of any decision that this Court may make in any review sought from the final decision of the trial court.

The order appealed from will be set aside and the case remanded to the San Juan Part of the Superior Court for further proceedings consistent with this opinion.

