William M. KENDER, and William M. Kender, Individually and as Father and Guardian of Barbara Jean Kender, a minor

v.

GENERAL EXPRESSWAYS, LIMITED, a Delaware corporation, General Expressways, Inc., a Connecticut corporation, and General Expressways, Inc., an Indiana corporation.

Civ. A. No. 25976.

United States District Court
E. D. Pennsylvania.
May 14, 1963.

W. M. Kender, in pro. per.

Edward C. German, Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

This case arose out of an accident which occurred on February 25, 1957, when a vehicle being driven by plaintiff William Kender collided with defendants' tractor-trailer. A jury trial was held on February 20 and 21, 1962, and judgment entered in favor of defendants on February 21, 1962 (Document 15), in accordance with a special verdict of the

jury.[1] Plaintiff William Kender[2] thereafter filed a Motion For A New Trial (Document 16) under F.R.Civ.P. 59(b), which was denied by order of this court dated February 5, 1963 (see Memorandum and Order, Document 20).[3]

Plaintiff then filed the instant Motion to amend the order of February 5, 1963, under F.R.Civ.P. 60(b) on the ground that he had discovered new evidence material to the outcome of this cause of action. The new evidence was alleged to be the testimony of a witness, one Joseph Pyle, who was stated to have been unknown to the plaintiff at the time of trial and whose testimony, according to the Motion, would corroborate the plaintiff's testimony. In support of his Motion to Amend, which is now before the court, plaintiff filed a statement dated April 10, 1963 (Document 28) and one dated April 17, 1963 (Document 26), to which is attached an affidavit of the alleged new witness, Joseph Pyle.

Rule 60(b) states in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); * * *."

"Newly discovered evidence" under the Rule quoted above refers to evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant. Brown v. Pennsylvania Railroad Company, 282 F. 2d 522, 526–527 (3rd Cir. 1960), cert. den., 365 U.S. 818, 81 S.Ct. 690, 5 L. Ed.2d 696 (1961); Schuyler v. United Air Lines, 94 F.Supp. 472, 477 (M.D. Pa.1950), aff'd. 188 F.2d 968 (3rd Cir. 1951). The evidence must, in fact, be newly discovered since the trial and there must be facts alleged from which the court may infer diligence on the movant's part before a judgment may be opened under F.R.Civ.P. 60(b). United States v. Rutkin, 208 F.2d 647, 649–650 (3rd Cir. 1953); In re Highwood Cemetery Association, 132 F.Supp. 636, 637 (W.D.Pa.1955). The moving party must also show that the evidence would not be merely cumulative and that it would probably lead to a judgment in his favor. Phillipine National Bank v. Kennedy, 111 U.S.App. 199, 295 F.2d 544, 545 (D.C. Cir. 1961).

After examination of the record in this case (including the oral argument held on the instant Motion), the trial judge has determined that he should not exercise his discretion[4] in plaintiff's

---

1. The jury was asked in part: "1. Was the driver of the defendant's tractor-trailer negligent and was such negligence a substantial factor in causing the collision?" Its answer to this question was "no" and the rest of the questions were left unanswered in accordance with the instructions of the trial judge. See Document 12.

2. Hereinafter called "plaintiff."

3. The Memorandum stated that the motion was being denied because plaintiff had not complied with Local Rule 33(b), but also stated that it was doubtful whether there was jurisdiction to grant the motion in any event because the time limit set forth in F.R.Civ.P. 59(b) had expired before the motion was filed. See, also, the affidavit of counsel for defendants filed 2/14/63, concerning this point (Document 24). The court also noted that even if it had the power to hear the motion, it would have been denied on the merits.

4. The motion for relief from judgment is addressed to the sound discretion of the trial judge (Brown v. Pennsylvania Railroad Company, supra, 282 F.2d at page 527), and such discretion should be exercised in conformity with law, reason and justice, but cautiously and discreetly [United States v. Sipler, 94 F.Supp. 987, 988 (M.D.Pa.1951), aff'd., 191 F.2d 816 (3rd Cir. 1951)].

favor and that the instant Motion should be denied.

Mr. Pyle was employed by the J. E. Herring Motor Co. at the time of the accident and, on the date of the accident, drove a wrecking truck to the scene of the accident in response to a telephone call saying that a wrecking truck would be needed. He was not a witness to the accident, but arrived on the scene sometime after the accident had occurred. He also towed plaintiff's station wagon to his employer's garage, where emergency repairs were made on it. His affidavit indicates that when he got to the scene of the accident the position of the vehicles was as Mr. Kender had testified and not as defense witnesses testified. The affidavit also corroborates plaintiff's testimony on other minor points.

■ The testimony of Mr. Pyle is not such newly discovered evidence as is contemplated under Rule 60(b) (2). It cannot be said that plaintiff could not have known about this evidence at the time of trial if he had used due diligence, especially since he knew about Mr. Pyle's presence at the scene immediately after the accident and knew his employer's name and the location of the garage before and during trial (see, e. g., N.T. 29, Document 17).[5]

In addition, the testimony of Mr. Pyle would be merely cumulative and it can-

not be said that plaintiff has shown that this evidence would lead to a judgment in his favor. A jury could well choose to believe the testimony of defendants' witnesses, such as the state policemen who witnessed the accident and the driver of the tractor-trailer, as to the position of the vehicles after the accident and it cannot be said that the testimony of Pyle would change the jury's determination that the driver of the tractor-trailer was not negligent or that, even if he were negligent, such negligence was not a substantial factor in causing the collision.

■ The pictures presented to the court at the time of oral argument on the instant Motion are also not "newly discovered evidence" within the meaning of F.R.Civ.P. 60(b) (2)

■ Some of the statements of position (e. g., allegation that the true facts were suppressed) contained in the documents filed with the court by plaintiff (see Documents 26 and 28) may be construed as an attempt to open the judgment under the provisions of Rule 60(b) (3), rather than Rule 60(b) (2). Even though no motion under this subsection has been filed, if a motion alleging fraud or misrepresentation were properly before the court, it would be denied since plaintiff has definitely not sustained his burden of proving fraud and misrepresentation.[6]

---

5. Mr. Kender, at the oral argument held on the present Motion, seemed to indicate that he also knew the name of Mr. Pyle at that time. He stated at the oral argument that Pyle's name was on the towing repair bill (Exhibit P-4) (which is not actually the fact, as is seen by an examination of that document), but that he did not know him "personally." Mr. Kender did not deny that he knew about this witness, but merely stated that he did not think that he would be needed as a witness until the time of trial, when his memory as to the position of the vehicles after they had stopped was shown to be different from that of defendants' witnesses.

6. To sustain the burden of proving fraud and misrepresentation under Rule 60(b) (3), the evidence must be clear and convincing. Brown v. Pennsylvania Railroad Company, supra, 282 F.2d at page 527. Plaintiff's attorney was notified on December 15, 1961, that this case had been placed in the pool of cases ready to be tried on the previous day, December 14, 1961. The case was assigned for trial on February 19, 1962, and counsel notified by the Clerk's office. Trial did not commence until the following day. Plaintiff was thus given more time to be ready for trial than is usually afforded parties in this court. See second paragraph under "Pool" of Standing Order of 5/2/58.

Plaintiff has had a fair trial and fair hearings on his post-trial motions. He has not shown any valid reason for having the judgment against him or the order on his first post-trial motion amended or vacated.

## ORDER

And now, May 14, 1963, after consideration of the foregoing Motion, the briefs of counsel (Documents 26, 28 and 29), oral argument and the record, it is ordered that plaintiff's motion to amend order of February 5, 1963 (Document 23) is denied.